E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
JULIA HU (Cal. Bar No. 338226)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931/3802
     Facsimile: (213) 894-6269
     E-mail:    monica.tait@usdoj.gov
                julia.hu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-520-DSF |
|---|---|
| Plaintiff, | ORDER PERMITTING DEPOSITIONS OF TWO FOREIGN WITNESSES PURSUANT TO RULE 15, FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| BERNARD EUGEN FRITSCH, | Hearing Date: August 14, 2023 |
| Defendant. | Hearing Time: 8:30 a.m. |
| | Location:   Courtroom of the Hon. Dale S. Fischer |

Plaintiff United States of America's Motion For Order Permitting Depositions Of Two Foreign Witnesses Pursuant To Rule 15, Federal Rules Of Criminal Procedure having been filed, and the Court having reviewed any opposition thereto and any arguments of the parties, IT IS HEREBY ORDERED AS FOLLOWS:

The government's motion to take the depositions of overseas persons Ian Cartwright, located in Country A, and victim J.M., located in Country B (collectively, "the witnesses") is granted,

based on exceptional circumstances and in the interests of justice as demonstrated by the government in accordance with Rule 15(a). The identities of J.M., Country A, and Country B are known to the parties.

## I.   FINDINGS

The Court further finds as follows:

1. Pursuant to Rule 15(c)(3), Federal Rules of Criminal Procedure, and based on the specific facts of this case, the depositions of these witnesses, who are outside the United States, shall be taken outside the presence of defendant BERNHARD EUGEN FRITSCH because:

(A) the testimony of each of the witnesses could provide substantial proof of a material fact in this felony prosecution;

(B) there is a substantial likelihood that each of the witnesses' attendance at trial cannot be obtained;

(C) the witnesses' presence for a deposition in the United States cannot be obtained;

(D) the defendant, who is out of custody, cannot be present because no reasonable conditions will assure his appearance at trial should he travel overseas to attend either of the depositions; and

(E) the defendant can meaningfully participate in the deposition through reasonable means.

## II.  REQUIREMENTS FOR DEPOSITIONS

2. The deposition of Ian Cartwright shall occur at a U.S. Embassy or consulate in Country A, or such other location as the Government of Country A permits.

3. The deposition of J.M. shall occur at a U.S. Embassy or consulate in Country B, or such other location as the Government of Country B permits.

4. At any deposition conducted at a U.S. Embassy or consulate pursuant to this order, the witnesses shall be placed under oath by a consular official or any other person authorized to administer an oath pursuant to Title 22, United States Code, Section 4221.

5. If Country A or Country B requires that the deposition of a witness be conducted at a location other than a U.S. Embassy or consulate, then that witness's testimony shall be given in a manner such that any false statement made during the testimony would subject the witness to criminal penalty under the laws of that country.

6. One or more attorneys and/or investigative agents for the government, and up to three attorneys and/or defense team members (not including the defendant) may attend the depositions of the witnesses in person.

7. The depositions will be governed by the Federal Rules of Evidence and Federal Rules of Criminal Procedure, to the extent the foreign authorities permit.

8. A verbatim, stenographic recording will be made of the proceedings. The testifying witness will be videotaped, to the extent the foreign authorities permit.

9. A live two-way videoconference connection will be arranged by the government between the deposition site(s) overseas and an office in the Los Angeles area to be designated by the government, so that the defendant himself can see the proceedings overseas and be seen, and thereby meaningfully participate in the depositions through reasonable means from such office. Additional members of the defense

team may accompany defendant.  The government has discretion to agree, or decline to agree, to defense counsel providing the office location and to defense counsel providing the equipment at that location for the videoconference connection.  In addition, defendant shall be able to confer privately by telephone with his defense counsel attending the deposition in person, as needed during the proceedings.

10.  Each witness will be questioned first by the government's designated attorney, then cross-examined by the defendant's attorney, and then questioned by the government's attorney.  A party objecting to deposition testimony or evidence must state the grounds for the objection during the deposition.  An objection at the time of the examination — whether to evidence, to a party's conduct, to the manner of taking the deposition, or to any other aspect of the deposition — must be noted on the record, but the examination will still proceed; the testimony is taken subject to any objection.  An objection must be stated concisely in a nonargumentative and nonsuggestive manner.

11.  In the event the government learns that any required consent by Country A or Country B to conduct the depositions either cannot be arranged, or is not likely to be arranged, in time for both

//
//
//
//
//
//

of the depositions to be concluded prior to October 27, 2023, the government will so inform the Court.

IT IS SO ORDERED.

October 18, 2023
DATE

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

/s/

MONICA E. TAIT
Assistant United States Attorney