JOSEPH MCNALLY
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
SARAH S. LEE (Cal. Bar No. 311480)
JOSEPH DE LEON (Cal. Bar No. 313471)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931/7407/7280
     Facsimile: (213) 894-6269
     E-mail:    monica.tait@usdoj.gov
                sarah.lee@usdoj.gov
                joseph.de.leon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 17-00520-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE TRIAL |
| v. | |
| BERNHARD EUGEN FRITSCH, | Trial Date: January 14, 2025 |
| Defendant. | Location: Courtroom of the Hon. Dale S. Fischer |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Monica E. Tait, Sarah S. Lee, and Joseph De Leon, hereby files its Opposition to Defendant's Ex Parte Application to Continue Trial.

//

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 6, 2025                Respectfully submitted,

                                                JOSEPH MCNALLY
                                              Acting United States Attorney

                                              LINDSEY GREER DOTSON
                                              Assistant United States Attorney
                                              Chief, Criminal Division


                                                    /s/
                                              SARAH S. LEE
                                              Assistant United States Attorney

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant's latest attempt to delay the trial comes one week and one day before trial is set to begin, and should be denied. Defendant was indicted over **seven years and four months** ago. Since then, trial has been continued over **fourteen times**. The parties and the Court have expended significant resources to proceed to trial on the current trial date of January 14, 2025. In the process of preparing for trial, the government has dismissed three of the five counts in the indictment, and will proceed to trial on two counts of wire fraud. As the Court noted at the parties' pretrial conference last week, this is a simple case: evidence at trial will show defendant made misrepresentations to get investors to invest in his company StarClub, and then took their money to fund his fancy lifestyle.

Defendant attempted to continue the trial approximately two weeks ago through an ex parte request, which the Court denied after a hearing. (Dkt. 351.) Defendant now requests a continuance based on recent discovery produced to the defense. But the recent discovery productions consist of Jencks material -- which the government is not even required to produce until after a witness has testified. Further, the government made available to the defense a copy of StarClub documents that StarClub's CFO provided to the government, but the government has not reviewed the documents and does not intend to rely on them at trial. To the extent defendant wishes to review these documents, he should be able to quickly review and identify them, as they are documents of the company that defendant founded and ran. In short, defendant's justifications for further delay are

manufactured, and his request to continue this trial yet again should be denied.

## II. ARGUMENT

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985); see also Houston v. Schomig, 533 F.3d 1079 (9th Cir. 2008) (finding that the trial court's denial of defendant's request to continue did not violate the Sixth Amendment). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process." Ungar v. Sarafite, 376 U.S. 575, 589 (1964). "The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Id. Here, the Court should use its discretion to deny defendant's latest request to continue the trial given the age of the case and the government's need to have its witnesses available.

When a defendant's Sixth Amendment right to counsel is implicated, a court must balance several factors. See, e.g., United States v. Studley, 783 F.2d 934, 938 (9th Cir. 1986) (finding no abuse of discretion where trial court denied defendant's request for a continuance). Among the factors are: (1) defendant's diligence in preparing his defense, (2) the likelihood that the purpose of the continuance will be met if a continuance is granted, (3) inconvenience to the court and the government, including its witnesses, and (4) prejudice. United States v. Tham, 960 F.2d 1391, 1396 (9th Cir. 1992) (affirming conviction where trial court denied

2

defendant's request for a continuance, noting "a trial court is not obligated to accommodate a defendant's strategic aspirations"). These factors weigh in favor of the Court denying defendant's request.

### 1. Diligence

Defendant's current counsel has represented him continuously since August 2023. Since then, the parties have completed substantial pretrial preparations, including by taking three international depositions and filing numerous pretrial motions and documents. Jury instructions have been provided to the Court, and as of the time of this filing, the government has provided the defense with its witness list and exhibit list (before the court-ordered deadlines in the Court's standing order).

In light of the amount of time defendant's current counsel has been representing defendant, the significant work that has already been completed, and the relatively straightforward facts of this case, the defense team should be ready for trial on its current trial date.

### 2. The Purpose of the Continuance

The Ninth Circuit has made clear that although "additional time can often be put to good use, . . . general allegations that a continuance would have allowed [the defendant] to prepare a better defense . . . are insufficient to allow [the appellate court] to find an abuse of discretion." United States v. Sarno, 73 F.3d 1470, 1493 (9th Cir. 1995).

Here, the defense's claimed need for a continuance based on recent discovery productions is disingenuous. The recent discovery productions that defendant complains about falls into two general

buckets: Jencks material and materials from StarClub's CFO Jim Polsen. Neither bucket of discovery warrants a continuance.

Jencks Material. As the Court is aware, such material is required to be produced after a witness testifies. 18 U.S.C. § 3500(a). The government has been producing these materials to the defense in advance of trial as a courtesy, and will continue to make reasonable efforts to do so. But there is nothing improper about these recent productions, and they will not require substantial time to review. While defendant is correct that the recent Jencks productions include several hundreds of pages of documents, the vast majority of these documents were previously produced to the defense long ago, and have been re-produced simply because a witness recently reviewed and discussed the material with the government. For example, the government's January 3, 2025 production included an 11-page report of its interview with StarClub's CFO Jim Polsen, in addition to approximately 48 pages of documents that had previously been produced to the defense but were re-produced simply because the interview report referenced these documents. The same production included a 14-page report of the government's interview with defendant's ex-girlfriend, Kaydee Cox Kesterson, in addition to approximately 106 pages of previously-produced documents. Therefore the vast majority of the recent productions containing Jencks material is not new, and should not require significant additional review by the defense.

Documents from Jim Polsen. Defendant's complaints about the approximately 11 GB of data from StarClub's CFO Jim Polsen are unwarranted. Again, the government has not reviewed these documents and does not know whether they are relevant. In addition, the

4

government has informed defendant that Mr. Polsen is not a likely witness for the government. As a courtesy, and because Mr. Polsen offered the government access to these documents, the government gave defendant a copy of these documents. But based on Mr. Polsen's representations, these documents are business records of StarClub that the defendant should already be aware of. Defendant ran StarClub for years, so he should be able to easily review and identify whatever relevant documents may exist. Tellingly, defendant fails to identify or describe a single document from the subset of data he has already reviewed that is relevant to this case. The defense's claims that they need to review these documents are a guised attempt to simply delay the trial once again.

### 3. Inconvenience to the Administration of Justice

The Ninth Circuit analyzes inconvenience to the court and the United States when determining whether a court should have granted a continuance. Tham, 960 F.2d at 1396. The government has expended and allocated significant resources based on the current trial schedule by preparing for trial and scheduling its witnesses to appear -- including multiple witnesses who will be traveling from out of state and out of country, and around a federal holiday. One of the witnesses is scheduled to be en route beginning January 7, 2025 from a foreign country to Los Angeles for trial preparations and trial, and several others have finalized their plans to travel long distances to attend the trial, or have rearranged their business activities to attend. Moreover, any further continuance impedes the victims' rights to proceedings free from unreasonable delay. See 18 U.S.C. § 3771(a)(7).

In addition to disrupting the schedule and travel plans of the government's approximately 20 witnesses,[1] defendant's proposed continuance to February 4, 2025 is particularly unworkable because the government's primary case agent is scheduled to be unavailable between February 6 and 17, 2025, inclusive.  The requested continuance would therefore cause significant inconvenience to the government and the administration of justice.

Above all, multiple continuances of this simple case frustrates the orderly progression of cases.  "The right of a speedy trial is necessarily relative" and "does not preclude the rights of public justice."  United States v. Ewell, 383 U.S. 116, 120 (1966) (citing Beavers v. Haubert, 198 U.S. 77, 87 (1905)).  Even though a defendant may waive his speedy trial rights, his decision to waive those rights and request to delay the trial yet again must be balanced against the public's (including the victims') interest in a speedy trial.  Here, a continuance will only create more time during which the defense will continue to make discovery requests.  The government will then produce discovery, and the defense will again cry foul and demand more time.  The cycle is endless, and should be put to a stop.

### 4. Prejudice

Again, defendant's sole asserted basis for a continuance is the recent discovery productions.  But as explained above, most of this discovery was previously produced to the defense or consists of documents from the defendant's own company.  The defense should therefore be able to review the data relatively quickly, and in time

---

[1] The government has proposed several stipulations to defendant that would eliminate the need to call several witnesses, but the defense has not yet agreed to any stipulations.

6

to proceed on the current trial date.  The risk of prejudice to defense is minimal.

On the other hand, given the fourteen prior trial continuances, and the numerous witnesses that have cleared their schedules to accommodate the current trial date, any further continuance will prejudice the government, the witnesses, and the victims.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny defendant's request.