JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
SARAH S. LEE (Cal. Bar No. 311480)
JOSEPH DE LEON (Cal. Bar No. 313471)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931/7407/7280
     Facsimile: (213) 894-6269
     E-mail:    monica.tait@usdoj.gov
                sarah.lee@usdoj.gov
                joseph.de.leon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 17-00520-DSF |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL TRIAL MEMORANDUM; EXHIBITS |
| v. | Trial Date: March 18, 2025 |
| BERNHARD EUGEN FRITSCH, | Time: 8:30 AM |
| Defendant. | Location: Courtroom of the Hon. Dale S. Fischer |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Monica E. Tait, Sarah S. Lee, and Joseph De Leon, hereby files its Supplemental Trial Memorandum in advance of the March 3, 2025, pretrial conference.

//

//

1  This Memorandum is based upon the attached memorandum of points
2  and authorities, the files and records in this case, and such further
3  evidence and argument as the Court may permit.

4  Dated: February 26, 2025          Respectfully submitted,

5                                    JOSEPH T. MCNALLY
                                     Acting United States Attorney
6
                                     LINDSEY GREER DOTSON
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9                                            /s/
                                     MONICA E. TAIT
10                                   SARAH S. LEE
                                     JOSEPH DE LEON
11                                   Assistant United States Attorneys

12                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRETRIAL MOTIONS**

   **A.   No Pending Motions**

All pretrial motions have been decided by the Court.

   **B.   Government's Motion to Admit Depositions**

The Court granted in part and denied in part the government's motion in limine No. 4 to admit videotaped testimony from three foreign depositions.  (CR 320 [Motion]; CR 410-412 [Orders].)

      1.   J.M.

On February 6, 2025, J.M. reconfirmed in writing that he declines to travel to the United States to testify at the March 18, 2025 trial, nor on any other date in 2025.  A redacted copy of his confirmation is attached as Exhibit A.  Accordingly, J.M. continues to be unavailable to testify at trial.

In the Court's Order re Amended Designations for Deposition of J.M. (CR 412), the Court requested the following:

Court's Item 2: "To the extent any testimony is offered for a limited purpose only, the parties are to meet and confer and determine how that limited purpose will be explained to the jury."

Response to Item 2:  The parties met and conferred on January 29, 2025.  The parties agree that none of the J.M. testimony the Court has determined to admit was offered for a limited purpose.  Exhibit B is a copy of the government's emailed summary of the conference and of the government's positions (not including attachments).  Exhibit C is a copy of an email from defense counsel agreeing with the government's positions.

1     <u>Court's Item 4</u>:  The Court requested a further explanation of
2 the response to the objection at transcript page 169:25.  The Court
3 requested a copy of Exhibit 10.
4     <u>Response to Item 4</u>:
5     The government withdraws its objection to the testimony at
6 transcript 169:25 through 170:2.
7     The government will lodge a copy of Exhibit 10.
8     <u>Court's Item 5</u>:  The Court indicated that it was unclear whether
9 there was an objection to the transcript at 194:4-195:16, and
10 requested clarification.
11     <u>Response to Item 5</u>:  The government clarifies, there is no
12 objection to the testimony at 194:4-195:16, and apologizes for the
13 confusion.
14     The J.M. deposition was videotaped, and was also transcribed
15 live by a court reporter (the "Deposition Transcript").  The same is
16 true for the O'Reilly deposition, discussed below.  At the pretrial
17 conference, the government will raise with the Court and counsel for
18 defense at the trial the issue of whether or not to display the
19 synced Deposition Transcripts to the jury while the testimony on
20 video is played.  In addition, the government will seek the Court's
21 and the defense view on whether the Deposition Transcripts of the
22 admitted testimony will be the record of each witness's testimony on
23 any appeal, or whether the court reporter at trial will make a new
24 transcript based on what he/she hears live in Court.  The government
25 believes there may be typographical errors in one or more of the
26 Deposition Transcripts that must be corrected, and will provide
27 defense counsel with proposed corrections by March 5.
28

The admitted portions of the J.M. deposition total approximately 2 hours and 15 minutes. The government intends to move the video recording into evidence as an exhibit. To the same extent as the jury would be permitted a read-back of testimony, the jury would be permitted to request a play-back of the deposition testimony.

### 2. Gavin O'Reilly

On January 22, 2025, Gavin O'Reilly confirmed that he declines to travel to the United States for the March 18, 2025 trial, and will not agree to travel to the United States for any other timeframe in 2025. See Exhibit D. Accordingly, O'Reilly continues to be unavailable.

In the Court's Order re Amended Designations for Deposition of Gavin O'Reilly (CR 411), the Court requested the following:

Court's Item 5: "To the extent any testimony is offered for a limited purpose only, the parties are to meet and confer and determine how that limited purpose will be explained to the jury."

Response to Item 5: The parties met and conferred on January 29, 2025. The government's summary of the meeting is attached as Exhibit E (without exhibits), and the defense response is attached as Exhibit F. The government does not believe any testimony has been offered for a limited purpose, and the defense has not replied to the contrary. (See Exhibits E and F.)

However, there is a disagreement regarding whether Exhibit 58 should carry a limited use instruction. The government contends it should not, and notes that the Court's question was directed at testimony, rather than exhibits. The defense objected to the government's designation of testimony on pages 276-278 and 279-280, regarding Exhibit 58, as hearsay (among other objections), arguing

3

defendant had offered Exhibit 58 for a limited purpose and that the government's questions went to the truth of the matter asserted. The defense objections were overruled (see CR 411, item 1). Because O'Reilly's testimony on pages 276-278 and 279-280 regarding the exhibit's truth were admitted, Exhibit 58's admission was therefore not limited.

The defense contends that Exhibit 58 was offered solely for a limited purpose. The Court "did not provide a basis for overruling the defense's hearsay objection[1], but regardless, that ruling would not control whether Exhibit 58 is offered for a limited purpose." The defense believes an instruction is necessary and proposes a limited instruction. See Exhibit F.[2]

The admitted portions of the O'Reilly deposition total approximately 3 hours and 30 minutes. The government intends to move the video recording into evidence as an exhibit. To the same extent as the jury would be permitted a read-back of testimony, the jury would be permitted to request a play-back of the deposition testimony.

### 3. Ian Cartwright

The Court denied the government's motion to admit the testimony of Ian Cartwright. As a result of this ruling, the government may not introduce Ian Cartwright's videotaped testimony, and the government no longer intends to offer the testimony of a German

---

[1] The government's response to the defense objections contended that the objections to this testimony were waived. The Court's Order (CR 411 at 1 and n.1) adopts the government's response and waiver contention as the basis for overruling the defense objections.

[2] The government notes that the parties have reached agreement regarding the matters raised in the first paragraph of the defense response email (Exhibit F at 1), concerning removal of the first three lines from page 100 of the deposition.

4

translator, Claire Haymes, who translated and transcribed the video files.  The government also no longer intends to proceed on the allegation in the indictment that defendant falsely claimed StarClub had spent $90 million on technology development.

## II.  TRIAL STIPULATIONS

On February 24, 2025, the parties filed two trial stipulations. (CR 415, 416.)

In the first stipulation, the parties agree the wires charged in Counts One and Two of the indictment were interstate or foreign wire communications.  (CR 415.)  Because the parties stipulate to these facts, the government no longer intends to call Sean O'Malley, a witness from the Federal Reserve Bank of New York.

In the second stipulation, the parties agree that defendant, during the relevant time period, was the sole shareholder and 100% owner of 3229 Rambla Pacifico Inc., which was the titleholder to the Malibu mansion located at 3229 Rambla Pacifico, Malibu, California. (CR 416.)  The government intends to enter these stipulations into evidence at trial.

The parties will inform the Court if they reach additional stipulations.

## III. EXHIBITS

On January 6, 2025, the government provided an exhibit list and digital copies of the exhibits as of that date (consisting of approximately 476 documents, including many that were exhibited for refreshing recollection but not for admission).  The government anticipates a few additions and deletions, and a few changes to existing exhibits.  The government will provide to counsel an updated exhibit list and a full set of updated exhibits by March 11, 2025.

**IV.  JURY INSTRUCTIONS**

The parties filed their joint proposed jury instructions on January 2, 2025.  (CR 378.)  In light of the Court's rulings, the government no longer requests the following jury instructions related to the deposition testimony of Ian Cartwright:

- Proposed Instruction No. 6: Transcript of Recording in Foreign Language
- Proposed Instruction No. 7: Disputed Transcript of Recording in Foreign Language

**V.  UPDATED TRIAL ESTIMATES**

The government estimates its case in chief will require 6-7 court days, including anticipated cross-examination.  As of the filing of this Memorandum, the following are the planned witnesses and estimated direct and cross-examination times (no defense input has been provided)[3]:

| Witness | Direct | Cross |
|---|---|---|
| Daniel Guy | 4 hours | |
| Jorg Mohaupt | Appx. 2.25 hours for Direct and Cross | |
| Custodian of Record for Credit Suisse | 15 minutes | |
| Richard D'Abo | 45 minutes | |
| Courtney Holt | 35 minutes | |
| Kevin Mayer | 30 minutes | |
| Custodian of Record for Access Industries | 15 minutes | |

---

[3] This represents the government's current witness list.  The government reserves the right to not call any of these witnesses or to call additional witnesses, if it deems necessary at trial.

6

| Witness | Direct | Cross |
|---|---|---|
| Custodian of Record for Warner Music Group | 15 minutes | |
| Gavin O'Reilly | Appx. 3.5 hours for Direct and Cross | |
| George Mederos | 1.5 hours | |
| Richard Flammang | 1 hour | |
| Retired Special Agent ("SA") Ira Bartel | 30 minutes | |
| SA Benjamin Spinale | 30 minutes | |
| SA Andrew Jaung[4] | 30 minutes | |
| Lisa Short | 45 minutes | |
| Kim Fredricks | 1 hour | |
| Miraflor Stemmann | 1 hour | |
| SA Gregory Austin (summary witness) | 3 hours | |
| Travis Bouchard (summary financial witness)[5] | 3 hours | |

---

[4] SA Jaung was noticed as an expert regarding computer extraction techniques. However, the government will likely not call him as an expert, because the digital extractions in this matter were software-based and required no "specialized knowledge" to perform, such as to extract deleted or hidden data.as his anticipated testimony requires no expertise. See United States v. Jimenez-Chaidez, 96 F.4th 1257, 1267 (9th Cir. 2024).

[5] The government previously informed the Court and the defense that Concepcion DeLosSantos was expected to testify as the government's summary financial witness. Because of unreconcilable conflicts with the March 18, 2025 trial date, Ms. DeLosSantos is unable to testify on the current trial date. Mr. Bouchard, another FBI Financial Analyst, is expected to testify instead. The testimony will be non-expert testimony wholly consistent with that described in the Government's Unopposed Motion in Limine No. 1 (CR 317), which the Court granted. (CR 380.) The government previously provided the defense notice of this change.