CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JAMES S. THREATT (Bar No. 325317)
(E-Mail: Jimmy_Threatt@fd.org)
REBECCA ABEL (Bar No. 298604)
(E-Mail: Rebecca_Abel@fd.org)
JONATHAN C. AMINOFF (Bar No. 259290)
(E-Mail: Jonathan_Aminoff@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
BERNHARD EUGEN FRITSCH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

BERNHARD EUGEN FRITSCH,

Defendant.

Case No. 17-CR-00520-DSF

**DEFENDANT BERNHARD EUGEN FRITSCH'S OPPOSITION TO NON-PARTY DANIEL JOHNSON'S MOTION TO QUASH SUBPOENA**

Defendant Bernhard Fritsch, through counsel, hereby submits his opposition to non-party Daniel Johnson's motion to quash a subpoena (Dkt. 421). This filing is based on the attached memorandum of points and authorities, all files and records in this action, and any further evidence or argument as may be presented to the Court.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 4, 2025

By */s/ James S. Threatt*

James S. Threatt
Deputy Federal Public Defender
Attorney for Bernhard Eugen Fritsch

## I. MEMORANDUM OF POINTS AND AUTHORITIES

Non-party Daniel Johnson has moved to quash a subpoena for documents served on him by the Office of the Federal Public Defender. Particularly because the defense has continually narrowed the scope of the requested documents, compliance would not be "unreasonable or oppressive" and the motion to quash should be denied. The defense requests that, at a minimum, the Court require Mr. Johnson to conduct a search for two specific categories of materials, discussed further below.

Non-party Daniel Johnson is former in-house counsel for StarClub, LLC. After search warrants were executed on August 2, 2017, Mr. Johnson took possession of the StarClub server (the "Server"). It is defense counsel's understanding that the Server contains every corporate document and item of work product generated by every employee of the company from roughly 2009 up until the time the warrants were executed in August 2017. In his motion to quash, Mr. Johnson confirms that he still has possession of the Server.

On February 12, 2025, Mr. Johnson was served with a subpoena for documents, with a return date set for the pre-trial conference on March 3, 2025. Over the next 14 days, the parties met and conferred by email. (*See generally* Exh. A.) On two occasions, the defense asked to discuss the matter by phone in hopes of reaching a compromise that would obviate the need for court intervention. (Exh. A at pp. 6, 8.) Both times Mr. Johnson declined.

Nonetheless, defense counsel attempted to reach a compromise over email. Defense counsel explained that their primary interest was the Server, which they understood to be in Mr. Johnson's custody and which they believed contains materials that were missing from the government's discovery productions. Mr. Johnson never disputed having possession of the Server. Defense counsel ultimately offered to provide Mr. Johnson with search terms that could be used to locate responsive documents on the Server and therefore allow Mr. Johnson to fulfill his obligations

under the subpoena while minimizing any burden on him.[1] Mr. Johnson declined, indicating he would instead move to quash.

One of Mr. Johnson's primary complaints, both in email correspondence and the present motion, is his belief that "the FBI took a duplicate image of the Server," which he assumed had been produced to defense counsel by the government. (Exhibit A at p. 3; Motion to Quash at p. 3 n.1.) On March 2, 2025, however, government counsel confirmed that is not the case. Rather, it seems, FBI agents declined to make a duplicate image of the Server when the warrants were executed on August 2, 2017 and seized only a series of accounting records ("QuickBooks" files) from the "Server room" but possibly no files from the Server itself. (Exh. B.)[2] The defense, in other words, does appear to be missing vast swaths of material from the Server.

The remaining arguments in Mr. Johnson's motion to quash are that the defense requests are (1) "unduly burdensome [and/or] oppressive"; and (2) fail to satisfy the standard set out in *United States v. Nixon*, 418 U.S. 683 (1974). Neither has merit.

With respect to the first point, defense counsel respectfully submits that they acted in good faith in an effort to "alleviate any burden" on Mr. Johnson as reflected by the parties' email communications attached as Exhibit A to this opposition. The refusal to participate in telephonic meet and confers, and the further refusal to let the defense provide a list of search terms to narrow the scope of the subpoena, significantly contributed to any potential burden or oppression. A party should not be permitted to

---

[1] Upon reviewing Mr. Johnson's motion, defense counsel learned for the first time that the Server has not been operational since shortly after the warrants were executed and, Mr. Johnson claims, complying with the subpoena could require him to hire computer specialists. During the meet and confer process, however, defense counsel offered to travel to any location convenient for Mr. Johnson in order to inspect the Server. Defense counsel could have also brought computer specialists who are members of the litigation support team at the Federal Public Defender, thereby relieving Mr. Johson of the need to hire any computer specialists of his own.

[2] Specifically, the government has produced "Forensic images on external drive and on disk of listed seized digital devices, Quickbooks files from Server room, StarClub Directory copied from John Brady's laptop." The "digital devices" were various phones, computers, and other devices that belonged to individual StarClub employees; none of those devices are the Server.

complain of an alleged burden that they contributed to by their own refusal to engage in a meaningful meet and confer process. And because the only basis provided in Rule 17 for quashing a subpoena is "if compliance would be unreasonable or oppressive," Mr. Johnson's motion to quash should be denied. *See* Fed. R. Crim. P. 17(c)(2) ("On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.").

With respect to the second point, the defense does not concede that *Nixon* applies to the facts here involving a subpoena served on a non-party. Numerous courts have held that when discovery is sought from a third party, as here, a more relaxed standard is appropriate. *See, e.g., United States v. Nosal*, 291 F.R.D. 403 (N.D. Cal. March 1, 2013), *overruled in part on other grounds*, *United States v. Nosal* (N.D. Cal., March 29, 2013). In any event, the defense believes that its requests satisfy *Nixon.* Even *Nixon*'s stricter standard requires only a "sufficient likelihood" of relevance and "valid potential evidentiary uses" for the subpoenaed material. *Nixon,* 418 U.S. at 701–02 (emphasis added). And to further accommodate Mr. Johnson, the defense is willing to narrow the subpoena to the two following specific requests for documents:

1. All final and fully executed versions of agreements entered into on behalf of StarClub, LLC, including but not limited to all: talent agreements; non-disclosure agreements; subscription agreements; private placement memoranda; share purchase agreements; stock purchase agreements; technology transfer agreements; contracts entered into with 3229 Rambla Pacifico, LLC; contracts entered into with Greenwich Music, Inc.; and contracts entered into with US-MasterTec, Inc.

2. Any and all demonstrations of the StarClub platform that were video and/or audio recorded, including but limited to all "Sizzle" reels.

The basis for the first request is that the discovery produced thus far, including the files provided by Jim Polsen, are replete with draft versions of contracts and

contracts that are not fully executed.  The defense reasonably expects the Server to contain final versions of all such contracts.

The basis for the second request is that the defense understands there to have been demonstrations of the StarClub platform (including video recordings) provided to prospective investors such as Danny Guy.  The discovery does not seem to include any such demonstrations or videos.  Such videos were one basis on which individuals such as Guy decided to invest in StarClub and are thus highly material to the defense.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 4, 2025        By  */s/ James S. Threatt*
James S. Threatt
Deputy Federal Public Defender
Attorney for Bernhard Eugen Fritsch

**DECLARATION OF JAMES S. THREATT**

I, James S. Threatt, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California and I am admitted to practice in this Court. I am appointed to represent Bernhard Eugen Fritsch in this matter.

2. Attached as Exhibit A is the email correspondence between Mr. Johnson and defense counsel after he was served with the subpoena on February 12, 2025. All email addresses and phone numbers have been redacted. This email chain constitutes the entirety of the communications between Mr. Johnson and defense counsel regarding the subpoena until the motion to quash was served on defense counsel on February 28, 2025.

3. Attached as Exhibit B is an email from government counsel regarding the government's production of discovery taken from electronic devices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2025, at Los Angeles, California.

*/s/ James S. Threatt* .
James S. Threatt

# EXHIBIT A

**From:** Daniel Johnson
**To:** Jimmy Threatt
**Cc:** Rebecca Abel; Jonathan Aminoff; Ryan Jawetz; Kenneth Stewart; Monica Tait
**Subject:** Re: US v. Fritsch, 17CR-00520-DSF (C.D. Cal.)
**Date:** Wednesday, February 26, 2025 8:17:24 AM

---

EXTERNAL SENDER

Unacceptable. Your response confirms that you are unable to identify any specific admissible evidence sought by your subpoena. I will proceed with the motion and sanctions request. Best regards,

**Daniel A. Johnson**
**Law Offices of Daniel A. Johnson, P.C.**

**Calabasas, California 91302**

**Phone 818-**

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

On Feb 26, 2025, at 10:33 AM, Jimmy Threatt <Jimmy_Threatt@fd.org> wrote:

Mr. Johnson,

To alleviate any burden on you, we hereby request to inspect the StarClub server, at your convenience, to determine which categories of non-privileged materials, if any, were not included in the search returns produced by the government. We believe the discovery produced by the government is missing a number of non-privileged items that should have been present on the server when the warrants were executed on August 2, 2017. We are willing to travel to your office or any other location that is convenient for you.

Alternatively, we can provide a list of search terms that we would request you, or members of your staff, use to identify non-privileged materials that are responsive to the subpoena.

Best Regards,
Jimmy Threatt



**Jimmy Threatt**
**Deputy Federal Public Defender**
**Office of the Federal Public Defender**
**Central District of California**
321 E 2nd Street | Los Angeles, CA 90012 | fpdcdca.org
**O:** 213.[redacted] | **F:** 213.894.7556

CONFIDENTIALITY NOTE:
This email, and any attachment(s) accompanying it, contain(s) confidential and privileged information from the Office of the Federal Public Defender. The information therein is intended only for the use of the individual(s) and/or entity(ies) named in this e-mail. If you are not the intended recipient, be aware that any disclosure of this information is prohibited. If you have received this e-mail in error, please notify me immediately by reply e-mail.

---

**From:** [redacted]
**Sent:** Tuesday, February 25, 2025 12:54 PM
**To:** Jimmy Threatt [redacted] 'Tait, Monica (USACAC)' [redacted]
**Cc:** Rebecca Abel [redacted] Jonathan Aminoff [redacted]; Ryan Jawetz [redacted] Kenneth Stewart [redacted]
**Subject:** RE: US v. Fritsch, 17CR-00520-DSF (C.D. Cal.)

EXTERNAL SENDER

Dear Mr. Threatt: It's been 11 days since I requested that narrow your subpoena to "request [] specific relevant, admissible and non-privileged information on the server to the extent that such information has not been produced previously by the Government from the copy of the server it took in August of 2017." You have not provided a response of any kind. I believe that the reason you have not responded is because it is not possible for you to narrow the subpoena in a manner that would conform to federal law (in part because you have had access to the relevant information taken from the StarClub server for years). Moreover, the absence of communication for more than a fortnight belies any urgency underlying your overbroad and unjustified subpoena. Therefore, I respectfully request that you formally withdraw the subpoena immediately. If you do not withdraw the subpoena you have will have unnecessarily imposed on me the burden and expense of preparing and pursuing a motion to quash. If you force such a motion I will provide the Court with our communications in support of a request for sanctions under both 28 USC 1927 and the Court's inherent power. Thank you for your anticipated professional courtesy and cooperation.

Best regards,

**Daniel A. Johnson**

**Law Offices of Daniel A. Johnson, P.C.**
[redacted]
**Calabasas, California 91302**
**818.**[redacted]

[redacted]

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.

---

**From:** [redacted]
**Sent:** Friday, February 14, 2025 4:31 PM
**To:** Jimmy Threatt [redacted]>; Tait, Monica (USACAC) <[redacted]
**Cc:** Rebecca Abel [redacted] Jonathan Aminoff [redacted] Ryan Jawetz [redacted] Kenneth Stewart [redacted]
**Subject:** RE: US v. Fritsch, 17CR-00520-DSF (C.D. Cal.)

Mr. Threatt: Thank you for the clarification. A couple of points:

- The use of the phrase "at this juncture" leaves the matter open. To the extent that we reach agreement to narrow the scope of the subpoena, that will be the end of the matter.

- Assuming you formally withdraw the three existing document requests in the subpoena and replace them with single request for "the StarClub server," I believe such a revised request remains defective under Rule 17(c) of the Federal Rules of Criminal procedure in that it (1) fails to seek specific, relevant, and admissible evidence; (2) constitutes a general fishing expedition; (3) is unduly burdensome and or oppressive; and (4) calls on its face for the production of inadmissible information protected from disclosure by the attorney client privilege and work product protection. *See United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984).

- My understanding is that the FBI took a duplicate image of the StarClub server as part of the August 3, 2017 raid. Further, my understanding is the Government applied the required privilege protocol to the contents of the server and did not maintain copies of any privileged materials. Moreover,

my understanding is that the Government was required to turn over to the defense anything that it seized from StarClub, including copies of materials taken from the StarClub server, pursuant to Rule 16 of the Federal Rules of Criminal Procedure (and, if applicable, *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v United States*, 405 U.S. 150 (1972)). Therefore, in addition to lacking the requisite specificity, Mr. Fritsch's subpoena is duplicative and imposes on this office an unnecessary and unreasonable burden in producing the server and reviewing the contents thereof for privilege. Note, the holder of the privilege with respect to the server is StarClub, Inc. and not Mr. Fritsch. StarClub, Inc. does not waive any privileges.

- Despite the foregoing, this office is willing to cooperate with a narrowed request for specific relevant, admissible and non-privileged information on the server to the extent that such information has not been produced previously by the Government from the copy of the server it took in August of 2017.

- Although I am generally amenable to telephonic "meet and confer" sessions to resolve these types of disputes, in this case I need your office to be on the record regarding precisely what information it seeks, how this information is relevant and admissible, why the requested information is not privileged, and attesting to the fact your office does not have already have the information.

I look forward to your written responses to my points. If you are able to adequately address my concerns in writing by close of business Monday, I will make time on Tuesday for the requested telephone conference.

Best regards,

**Daniel A. Johnson**
**Law Offices of Daniel A. Johnson, P.C.**
[redacted]
**Calabasas, California 91302**
**818.**[redacted]

**E-mail** [redacted]

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system

without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.

---

**From:** Jimmy Threatt [REDACTED]
**Sent:** Friday, February 14, 2025 2:22 PM
**To:** [REDACTED]
**Cc:** Rebecca Abel <[REDACTED]>; Jonathan Aminoff [REDACTED]; Ryan Jawetz <[REDACTED]>; Kenneth Stewart [REDACTED]
**Subject:** RE: US v. Fritsch, 17CR-00520-DSF (C.D. Cal.)

Mr. Johnson,

Our primary interest at this juncture is the first category of documents in the subpoena, which includes (but is not limited to) the StarClub server. We understand that you took possession of the server when the StarClub offices closed in 2017.

Please let us know if you are available next Tuesday for a call to discuss further.

Best,
Jimmy

**Jimmy Threatt**
**Deputy Federal Public Defender**
**Office of the Federal Public Defender**
**Central District of California**
321 E 2nd Street | Los Angeles, CA 90012 | fpdcdca.org
**O:** [REDACTED] | **F:** 213.894.7556

CONFIDENTIALITY NOTE:
This email, and any attachment(s) accompanying it, contain(s) confidential and privileged information from the Office of the Federal Public Defender. The information therein is intended only for the use of the individual(s) and/or entity(ies) named in this e-mail. If you are not the intended recipient, be aware that any disclosure of this information is prohibited. If you have received this e-mail in error, please notify me immediately by reply e-mail.

---

**From:** [REDACTED]
**Sent:** Thursday, February 13, 2025 12:52 PM
**To:** Jimmy Threatt <[REDACTED]>; 'Tait, Monica (USACAC)' [REDACTED]

**Cc:** Rebecca Abel <[redacted]Jonathan Aminoff [redacted]>; Ryan Jawetz [redacted]; Kenneth Stewart [redacted]
**Subject:** RE: US v. Fritsch, 17CR-00520-DSF (C.D. Cal.)

EXTERNAL SENDER

Mr. Threatt: Perhaps you are right – I am unfamiliar with the "ins and outs" of federal criminal procedure. It does, however, seem to me that the Government does have the right to move in limine to exclude evidence -- and if it did so with respect to the matters encompassed within the subpoena (e.g., on the grounds of relevance and/or pursuant to FRE 403) then that would render the subpoena null and void.

At this juncture, I do not believe that a telephone conference is necessary. I am willing to consider foregoing motion practice if you are able to explain in writing what ***specific*** evidence you are seeking, why it is relevant to and admissible in your case (e.g. neither cumulative, privileged nor work product protected) and why such evidence is not available from other less burdensome sources.

Best regards,

**Daniel A. Johnson**
**Law Offices of Daniel A. Johnson, P.C.**
[redacted]
**Calabasas, California 91302**
**818.865.9000 Phone**

**E-mail** d[redacted]

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.

---

**From:** Jimmy Threatt <[redacted]
**Sent:** Thursday, February 13, 2025 12:24 PM
**To:** [redacted]
**Cc:** Rebecca Abel <[redacted]; Jonathan Aminoff [redacted]; Ryan Jawetz [redacted] Kenneth Stewart [redacted]
**Subject:** RE: US v. Fritsch, 17CR-00520-DSF (C.D. Cal.)

Mr. Johnson,

We will not be withdrawing the subpoena. We are, however, open to discussing how to make compliance with the subpoena less burdensome if you would like to discuss by phone. I'd also clarify that the subpoena does not require any testimony from you—just the production of documents.

Finally, the federal prosecutors do not have standing to litigate any disputes arising from the subpoena.

Best,
Jimmy

**Jimmy Threatt**
**Deputy Federal Public Defender**
**Office of the Federal Public Defender**
**Central District of California**
321 E 2nd Street | Los Angeles, CA 90012 | fpdcdca.org
**O:** [redacted] | **F:** 213.894.7556

CONFIDENTIALITY NOTE:
This email, and any attachment(s) accompanying it, contain(s) confidential and privileged information from the Office of the Federal Public Defender. The information therein is intended only for the use of the individual(s) and/or entity(ies) named in this e-mail. If you are not the intended recipient, be aware that any disclosure of this information is prohibited. If you have received this e-mail in error, please notify me immediately by reply e-mail.

---

**From:** [redacted] <[redacted]
**Sent:** Wednesday, February 12, 2025 1:06 PM
**To:** Jimmy Threatt <[redacted]>; 'Tait, Monica (USACAC)' [redacted]>; Rebecca Abel [redacted]>
**Cc:** Jonathan Aminoff <[redacted]>; Kenneth Stewart [redacted]
**Subject:** US v. Fritsch, 17CR-00520-DSF (C.D. Cal.)

EXTERNAL SENDER

Dear Mr. Threatt and Ms. Tait:

I am in receipt of the subpoena just served on me by the Federal Public Defender in the above-referenced matter. A copy of the subpoena and the cover letter is attached.

Please be advised as follows: (1) the subpoena is harassing in that it is vastly

overbroad and requests documents that have no relevance to the criminal proceedings against Mr. Fritsch; (2) the subpoena constitutes an improper "fishing expedition" in seeking general discovery rather than specific admissible evidence; (3) the subpoena seeks to impose on me an undue burden; (4) the descriptions of the three categories of documents sought by the subpoena are fatally ambiguous; (5) on its face, the first category of the document request clearly calls for attorney-client privileged and work product materials and seeks to impose on me the unnecessary burden of reviewing voluminous documents and creating a privilege log for documents that have nothing to do with the criminal proceedings against Mr. Fritsch; (6) although the second and third categories of document requests are couched to exclude "non-privileged" documents, they, in fact, are calculated to obtain privileged documents and impose on my office the unnecessary burden of searching voluminous records and creating a privilege log; (7) there are no documents responsive to the third category of documents because I never represented Mr. Fritsch as an individual; (8) to the extent that the subpoena seeks communications with the United States Attorney's Office and/or the FBI, Mr. Fritsch presumably already has access to such documents from there is a far less burdensome source; and (9) the subpoena is harassing in purporting to command my personal appearance when, to my knowledge, I have not been and will not be identified or called as a witness in this case.

In light of the foregoing, I respectfully request that the subpoena be withdrawn immediately so as to eliminate the burden and harassment levied against me and to prevent needless expenditure of my time and the Court's time in unnecessary motion practice. To the extent that the Federal Defender insists on pursing this subpoena, I respectfully request that the Government take steps to quash the subpoena and/or move in limine to exclude my testimony.

Best regards,

**Daniel A. Johnson**
**Law Offices of Daniel A. Johnson, P.C.**
[redacted]
**Calabasas, California 91302**
**818.865.9000 Phone**

**E-mail** [redacted]

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you

are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.

# EXHIBIT B

**From:** Tait, Monica (USACAC)
**To:** Rebecca Abel
**Cc:** Jimmy Threatt; Lee, Sarah (USACAC); De Leon, Joseph (USACAC); Jonathan Aminoff
**Subject:** Re: [EXTERNAL] Subpoena on James Polsen: US v. Fritsch, 17CR-00520-DSF (C.D. Cal.)
**Date:** Sunday, March 2, 2025 12:04:55 PM
**Attachments:** EXTERNAL RE US v. Fritsch 17CR-00520-DSF (C.D. Cal.).msg
2023-10-09 Letter to J Threatt re Discovery Prod.pdf
2017-11-03 Letter to R Cohen re Discovery External Hard Drive.pdf

---

Dear Rebecca,
I think you are referring to assertions in a different string of emails from Mr. Johnson, in which he asserted, including on February 14, 2025, that the government "took a duplicate image of the StarClub server . . . ." The February 14, 2025 email is attached.

In response to your late Friday request below on February 28, 2025, I have reviewed our discovery productions. I see that in our letter dated October 9, 2023, we summarized for Jimmy Threatt discovery productions to Mr. Fritsch's prior defense counsel, and we listed and transmitted to Jimmy a letter from prior lead counsel for the USA dated November 3, 2017 to prior defense counsel, which we described as transmitting "Forensic images on external drive and on disk of listed seized digital devices, Quickbooks files from Server room, StarClub directory copied from John Brady's laptop." Both letters are attached. Based on Jimmy's 2023 request for a reproduction of such digital data, I understand he received directly from FBI the materials described in the November 3, 2017 letter on a defense-provided external drive in or about late 2023 (see bates nos. FRITSCH_00037663 and 37664, describing the copies made at defense request in 2023 and loaded to a defense hard drive).

Based on review of the reports of FBI computer forensics personnel we have produced (see, e.g. FRITSCH_0045051, 0045073, 0045104, 0045108, 0045393) I see references to server room files described as QuickBooks files, but not a "duplicate image." Those files are part of the set of data described above and loaded to the defense hard drive. We cannot know for certain whether data other than QuickBooks files were included in what was imaged from the server without talking to the agents who were present, and we have not had time to do that in the interests of responding quickly.

However, the defense should have whatever files from the server were obtained, located in the same batch as the other materials described in the November 3, 2017 letter to prior defense counsel.

Please let us know if you have further questions.
Best,
Monica Tait

---

**From:** Rebecca Abel [redacted]
**Sent:** Friday, February 28, 2025 4:37 PM