BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
SARAH S. LEE (Cal. Bar No. 311480)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2931/7407
    Facsimile: (213) 894-6269
    E-mail:   monica.tait@usdoj.gov
                sarah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>BERNHARD EUGEN FRITSCH,<br><br>      Defendant. | CR No. 17-00520-DSF<br><br>NOTICE OF FILING OF DECLARATION OMITTED IN ERROR FROM GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR REMAND PURSUANT TO 18 U.S.C. § 3143(A)(1) (Dkt. 530); DECLARATION |

    PLEASE TAKE NOTICE that plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Monica E. Tait, hereby files its Declaration of Monica E. Tait in support of the governments' Reply in Support of Motion for Remand,

//

i

which was mistakenly omitted from the Reply, filed as docket entry 530.

Dated: May 20, 2025          Respectfully submitted,

                             BILAL A. ESSAYLI
                             Acting United States Attorney

                             CHRISTINA T. SHAY
                             Assistant United States Attorney
                             Chief, Criminal Division


                                    /s/
                             MONICA E. TAIT
                             Assistant United States Attorney

                             Attorney for Plaintiff
                             UNITED STATES OF AMERICA

<u>DECLARATION OF MONICA E. TAIT</u>

I, MONICA E. TAIT, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") for the Central District of California, and I am one of the attorneys assigned to represent the government's interest in the matter <u>United States v. Bernhard Eugen Fritsch</u>, CR 17-520 DSF. I have knowledge of the facts set forth herein, except as indicated below, and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. Attached to this declaration are the following materials:

a. Exhibit 15 is a document I obtained via the Lexis Courtlink product, filed July 31, 2023 in the matter <u>La Verne Rambla, LL v. Jayco Premium Finance of California, Inc.</u> (23SMCV03468), consisting of the declaration of Bernhard Fritsch, without its exhibits.

b. Exhibit 16 is an email I received on May 13, 2025 from David Wood, the attorney for the trustee appointed to administer the debtor's estate in <u>In Re La Verne Rambla, LLC</u>, 9:2p4-bk-11215-RC, United States Bankruptcy Court, Central District of California, including the property located at 3229 Rambla Pacifico, Malibu, California.

c. Exhibit 17 is a declaration of Jess R. Bressi filed January 3, 2023 in a different bankruptcy case involving defendant Fritsch and the 3229 Rambla property, <u>In re La Verne Investors LLC</u>, 22-bk-10951-RC. Mr. Bressi represented Deutsche Bank in connection with its prior lien against 3229 Rambla. At paragraph 4 of the declaration, Mr. Bressi states that said loan was paid in full on December 22, 2022 by a wire for $3,328,369.57.

3.    On May 19, 2025, I spoke by telephone with Mr. Wood, attorney for the trustee in the current 9:24-bk-11215-RC bankruptcy case, and he advised me that no one from defendant's criminal defense team has contacted him to discuss the priority of the lien securing the bond, or to propose any procedure to segregate the bond amount in the event of a sale of 3229 Rambla; nor had Mr. Fritsch's bankruptcy counsel discussed this issue with Mr. Wood.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 19, 2025.

*/s/ Monica E. Tait*

MONICA E. TAIT

# EXHIBIT 15

Dirk O. Julander, Bar No. 132313
 *doj@jbblaw.com*
M. Adam Tate, Bar No. 280017
 *adam@jbblaw.com*
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone:   (949) 477-2100
Facsimile:   (949) 477-6355

Attorneys for Plaintiff LA VERNE RAMBLA, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/31/2023 2:31 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Parenteau, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, SANTA MONICA COURTHOUSE

| | |
|---|---|
| LA VERNE RAMBLA, LLC, a California limited liability company <br><br> Plaintiffs, <br><br> vs. <br><br> JAYCO PREMIUM FINANCE OF CALIFORNIA, INC., a California Corporation; GERACI LAW FIRM, APC, a California Corporation; GERACI LEGAL CORPORATION, a California Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  23SMCV03468 <br><br> Assigned to the Honorable Judge <br><br> **DECLARATION OF BERNHARD FRITSCH IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE ISSUANCE OF A PRELIMINARY INJUNCTION** <br><br> Action Filed:   July 31, 2023 <br> Trial Date:   None Set |

## <u>DECLARATION OF BERNHARD FRITSCH</u>

I, BERNHARD FRITSCH, declare as follows:

1.     I am over the age of eighteen and not a party to the within action.  I am the sole member of LA VERNE RAMBLA, LLC ("LVR" or "Plaintiff.") I submit this Declaration in support of Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show

1

Cause re Issuance of a Preliminary Injunction (the "Ex Parte Application"). I have personal knowledge of the following facts and, if called upon to testify, I can and will competently testify thereto.

2.      On December 16, 2022, I, acting on behalf of LVR entered into a series of loan agreements with defendant JAYCO PREMIUM FINANCE OF CALIFORNIA, INC. ("Jayco") whereby LVR borrowed $5,500,000.00. The loan documents called for an interest rate of 11.875% which LVR prepaid in its entirety by writing a check for $674,895.84. The loan was secured by a Deed of Trust for the property located at 3229 Rambla Pacifico, Malibu, CA 90265 (the "Subject Property"). As additional security, the loan was also personally guaranteed by myself, LVR's only member and 100% owner.  The loan documents are too voluminous to attach to this declaration in their totality, but for the Court's reference true and correct copies of the Secured Note and the Deed of Trust are attached hereto as **Exhibits 1 and 2.**

3.      In February 2023, I learned that a notice of default had been recorded against the subject property on February 9, 2023.  I was not given any notice or warning whatsoever prior to the notice of default being recorded.  I immediately called the loan processor appointed by Jayco to inquire why the notice of default had been recorded.  I spoke to a representative named Dyanna Pelayo who explained to me that the notice of default was recorded due to a transfer of the Subject Property from LVR to myself that occurred on December 22, 2022.  I then explained that I was the sole owner and member of LVR and that the transfer did not result in a change of beneficial ownership.  Ms. Pelayo apologized for Jayco's mistake and promised to rescind the notice of default. Neither Ms. Pelayo nor anyone else acting on behalf of Jayco suggested or otherwise implied that the Subject Property needed to be transferred from myself back to LVR nor did anyone on behalf of Jayco state or otherwise imply that LVR would be required to pay default interest to cure any technical default.

4.      The next day, the notice of default was officially rescinded as Jayco promised. A true and correct copy of the notice of rescission that was recorded for the Subject Property is attached hereto as **Exhibit 3**.

5.      For the next couple of months, I assumed that there were not complications with

the loan. Then, in April 2023, I was informed by a potential investor that a second notice of default had been recorded against the Subject Property.  The second notice of default came out of the blue with no warning or notice whatsoever.  Upon learning about the notice of default, I immediately called Jayco's servicer again who informed me that the second notice of default was based on the same transfer of title from LVR to myself in December 2022.  A true and correct copy of the second notice of default is attached hereto as **Exhibit 4.**

6.       I then made efforts to get the loan reinstated, including retaining attorneys to advocate on behalf.  My attorneys were put in touch with defendants GERACI LAW FIRM, APC, who I understand to be the same firm as GERACI LEGAL CORPORATION (collectively, the "Geraci Firm.") The Geraci Firm informed us that Jayco would not provide a reinstatement demand until it was provided with evidence that I had transferred the Subject Property back to LVR.  This was the first time that I was asked to transfer the Subject Property back to LVR.  I immediately complied with the request.  A true and correct copy of the grant deed that I executed transferring the property back to LVR is attached hereto as **Exhibit 5.**

7.       For reasons I do not understand, and despite several requests by my attorneys, Jayco did not provide a reinstatement demand until May 24, 2023. The reinstatement demand called for $149,722.22 in default interest for the time period of December 22, 2022 to May 31, 2022. Thus, Jayco took the position that LVR owed default interest of 18% for the entire time period, despite the fact that Jayco had previously apologized for the original notice of default and had not asked that the Subject Property be transferred back to LVR.  A true and correct copy of the reinstatement demand is attached hereto as **Exhibit 6.**

8.       On or about July 3, 2023, I learned that an unsigned notice of sale was posted to the Subject Property which indicated that the Subject Property would be sold on August 3, 2023 by the Geraci Firm acting as the trustee. I do not believe that the Geraci Firm has ever been officially appointed as the trustee.  The Geraci Firm was not named as the trustee in the Deed of Trust that was originally recorded and I have never been served with a copy of document substituting Geraci Firm in as the trustee. A true and correct copy of the notice of sale is attached hereto as **Exhibit 7.**

9.       Paragraph 8 of the Secured Note contains a Due-on-Sale clause which arguably

DECLARATION OF BERNHARD FRITSCH IN SUPPORT OF EX PARTE APPLICATION

provides Jayco the ability to declare all loan amounts immediately due and payable where there has been a transfer of the Subject Property.  I do not believe that the transfer from LVR to myself in December 2022 falls within the ambit of this clause because there was not change in beneficial ownership.  Regardless, prior to the recording of the notice of default, Jayco never invoked this clause to declare the loan to be immediately due and payable.  Accordingly, I did not, and could not have, breached the Due-on-Sale clause by refusing to pay the loan upon demand.

10.    Based on the above, I believe that the Jayco and the Geraci Firm lack the legal authority to sell the Subject Property at the trustee's sale scheduled for August 3, 2023.  Unless the Court enjoins the sale, LVR, and by extension, I, will be irreparably harmed as the Subject Property is unique and cannot be replaced.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 28, 2023.

BERNHARD FRITSCH

DECLARATION OF BERNHARD FRITSCH IN SUPPORT OF EX PARTE APPLICATION

# EXHIBIT 16

## Tait, Monica (USACAC)

**From:** David Wood <DWood@marshackhays.com>
**Sent:** Tuesday, May 13, 2025 5:20 PM
**To:** Tait, Monica (USACAC)
**Cc:** Lee, Sarah (USACAC); Fittipaldi, Brian (USTP); Devona Gardner
**Subject:** [EXTERNAL] RE: Stewart - Status Update:  2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

Monica,

Thank you for sending this. At this point in time, the Trustee is still investigating the chain of title, and the validity, priority and extent of the various liens. Pursuant to 11 U.S.C. 363(f), the Trustee could sell the Property free and clear of liens, claims, and interests, with liens attaching to proceeds until a further determination of the priority of liens is determined by the Bankruptcy Court (or theoretically the District Court). So, as of right now, the Trustee cannot opine as "who is on first," in terms of the priority of the liens.
And, until the Property goes to auction and the final sales price is determined, it may not matter as all lien holder(s) may be paid in full.

As to the current pending offer, we received a $14 million offer from Deepblue Builders only yesterday, and currently putting together the usual bankruptcy addendum and counter offer. We do not know any information one way or another yet as to who Deepblue Builders is and/or whether they are affiliated with Mr. Fritsch or not. Again, we only received the offer yesterday.

I am fully packed this afternoon and in Court all afternoon tomorrow, I may have a little time tomorrow to discuss, but will need to confer with the Trustee about his availability.

David

---

**From:** Tait, Monica (USACAC) <Monica.Tait@usdoj.gov>
**Sent:** Tuesday, May 13, 2025 10:32 AM
**To:** David Wood <DWood@marshackhays.com>
**Cc:** Lee, Sarah (USACAC) <Sarah.Lee@usdoj.gov>; Fittipaldi, Brian (USTP) <Brian.Fittipaldi@usdoj.gov>; Devona Gardner <Devona_Gardner@cacp.uscourts.gov>
**Subject:** RE: Stewart - Status Update: 2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

Mr. Wood, One supplement to my email below for you to consider.  I attach here a second title report, from December 2, 2022, just prior to recording of Jayco's deed, which also recognizes the Court's lien as affecting title to the 3229 Rambla property (Item 9).  (This comes in a filing in La Verne's prior bankruptcy.)

I am beginning to wonder whether some document, such as a false document, was presented to the title company handling the Jayco lien at the time it was recorded to cause them to consider the Court's lien dropped from title (if that is what they did).  If you know anything about that, such as the name of the title company that insured Jayco's lien or the escrow company that handled that transaction, I would be interested in this information.

Thanks,

1

Monica Tait

---

**From:** Tait, Monica (USACAC)
**Sent:** Tuesday, May 13, 2025 10:15 AM
**To:** David Wood <DWood@marshackhays.com>
**Cc:** Lee, Sarah (USACAC) <Sarah.Lee@usdoj.gov>; Fittipaldi, Brian (USTP) <Brian.Fittipaldi@usdoj.gov>; Devona Gardner <Devona_Gardner@cacp.uscourts.gov>
**Subject:** RE: Stewart - Status Update: 2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

Thanks, David.

Mr. Fritsch's defense counsel last night made some assertions on how he expects proceeds of the sale of the property should be disbursed.  I'm not saying I agree with him at all – I don't, because he would propose that the Jayco lien is in line in front of the Court's lien – but I wanted to advise you of these assertions.  His assertions assume that the trustee will honor the Court's lien AFTER the Jayco loan has been satisfied, but BEFORE any unsecured creditors. See pages 10-11 of the attached.

I have not investigated whether the assertions here about the sales proceeds are consistent with what his bankruptcy counsel is proposing, or what the Trustee will propose to the bankruptcy court.

I do need to know the trustee's position in advance of my Monday deadline for responding.  I will be out of town Thursday and Friday, so I would like to speak to you and the trustee (Mr. Faith) today or tomorrow to learn the status of the Court's lien, so that I can accurately report it.

Also, do you know the true identity of Deep Blue Builders (another bidder on the 3229 Rambla property, see pp 22-78, and whether or not they are an arms-length bidder, or are instead affiliated with Mr. Fritsch?

Please let me know about any good times to have a discussion, to include Mr. Faith the trustee, this afternoon or tomorrow (Wednesday).
Thanks,
Monica Tait, AUSA
213 894 2931

---

**From:** David Wood <DWood@marshackhays.com>
**Sent:** Monday, May 12, 2025 9:28 AM
**To:** Tait, Monica (USACAC) <Monica.Tait@usdoj.gov>
**Cc:** Lee, Sarah (USACAC) <Sarah.Lee@usdoj.gov>; Fittipaldi, Brian (USTP) <Brian.Fittipaldi@usdoj.gov>; Devona Gardner <Devona_Gardner@cacp.uscourts.gov>
**Subject:** [EXTERNAL] RE: Stewart - Status Update: 2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

Thanks, Monica. I will forward to the Trustee and title. Thank you sending the motion.

David

---

**From:** Tait, Monica (USACAC) <Monica.Tait@usdoj.gov>
**Sent:** Monday, May 12, 2025 9:27 AM
**To:** David Wood <DWood@marshackhays.com>
**Cc:** Lee, Sarah (USACAC) <Sarah.Lee@usdoj.gov>; Fittipaldi, Brian (USTP) <Brian.Fittipaldi@usdoj.gov>; Devona Gardner

2

<Devona_Gardner@cacp.uscourts.gov>
**Subject:** RE: Stewart - Status Update: 2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

David,

In connection with Bernhard Fritsch and Bankruptcy case 24-bk-11215-RC, as you know from prior correspondence, it is our position that the Clerk of the United States District has an outstanding lien in the amount of $7,205,000 against 3229 Rambla Pacifico to secure the defendant Fritsch's appearance in a criminal case. Mr. Fritsch remains out on bond, as far as I am aware (I have cc'd his supervising officer, Devona Gardner).

As reflected in our correspondence below, you indicated that the title company believed the Court's lien had been reconveyed. On April 27, 2025, I indicated that this was not correct and sent you documents in support. I have not heard from you since then.

I enclose a Motion the USA has filed to revoke Fritsch's bond, which is pending and has not been decided. Mr. Fritsch's opposition is due today. Can you please update us on (1) title's position regarding the new documents I have provided, and whether it regards the Court's lien in first position; (2) the status of your sales efforts regarding the 3229 Rambla Pacifico property? If title's position, and/or yours, is that the Court's lien is not in priority and the property will be sold without recognizing that lien in first position, please say so.

I have also cc'd Mr. Fittipaldi of the US Trustee's Office for his awareness.

Best,
Monica Tait, AUSA
213 894 2931

---

**From:** Tait, Monica (USACAC)
**Sent:** Sunday, April 27, 2025 3:05 PM
**To:** David Wood <DWood@marshackhays.com>
**Cc:** Lee, Sarah (USACAC) <Sarah.Lee@usdoj.gov>; De Leon, Joseph (USACAC) <Joseph.De.Leon@usdoj.gov>
**Subject:** RE: Stewart - Status Update: 2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

Thanks very much.
I mistakenly sent you the wrong deed of trust. The one that is in effect is document number 20171382441, attached.

Dkt. 136 is the Court's Order authorizing the withdrawal of the other deed (document number 20171433649, the one I mistakenly sent you before), but clarifying that 20171382441 remains in effect. I also enclose dkt no. 59 and 64, which are referenced in dkt. 136.

We have a title report from 2022 in which 20171382441 appears on title; a copy of that title report is also attached. The 2022 Title company recognized that 20171433649 was withdrawn (see Item 18), but not 20171382441 (see Item 16).

Let me know if your Title company has a further response; I would be happy to discuss with them.

Thanks,
Monica Tait

---

**From:** David Wood <DWood@marshackhays.com>
**Sent:** Friday, April 25, 2025 3:47 PM

3

**To:** Tait, Monica (USACAC) <Monica.Tait@usdoj.gov>
**Cc:** Lee, Sarah (USACAC) <Sarah.Lee@usdoj.gov>; De Leon, Joseph (USACAC) <Joseph.De.Leon@usdoj.gov>
**Subject:** [EXTERNAL] Re: Stewart - Status Update: 2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

Ms. Tait,

Title looked further and found this attached reconveyance that was recorded in 2020, hence why the 2017 DOT does not appear on the PTR report. I do not know if you were aware of it or not. And, I did confirm that the Trustee was not informed by Mr. Frisch of the 2017 DOT. Have a great weekend!

David

---

**From:** Tait, Monica (USACAC) <Monica.Tait@usdoj.gov>
**Date:** Friday, April 25, 2025 at 1:57 PM
**To:** David Wood <DWood@marshackhays.com>
**Cc:** Lee, Sarah (USACAC) <Sarah.Lee@usdoj.gov>, De Leon, Joseph (USACAC) <Joseph.De.Leon@usdoj.gov>
**Subject:** RE: Stewart - Status Update: 2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

Hi Mr. Wood,
Could you please respond to my email below requesting confirmation of the Court's recorded interest in the property?  We have our motion regarding bond due on Monday, and I would like to inform the Court of these facts, whatever they are.
Thanks,
Monica Tait

---

**From:** Tait, Monica (USACAC)
**Sent:** Wednesday, April 23, 2025 5:52 PM
**To:** David Wood <DWood@marshackhays.com>
**Cc:** Lee, Sarah (USACAC) <Sarah.Lee@usdoj.gov>; De Leon, Joseph (USACAC) <Joseph.De.Leon@usdoj.gov>
**Subject:** RE: Stewart - Status Update: 2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

David,
Thanks for this title report.

Would you please confirm:  Prior to my contacting you last week, had Mr. Fritsch ever notified the Trustee in Bankruptcy, or you, of the Clerk of the Court's recorded interest in 3229 Rambla Pacifico?  See attached for recorded document – I think you/your title company will find that there was never a full reconveyance of this deed.
Thanks,
Monica Tait

---

**From:** David Wood <DWood@marshackhays.com>
**Sent:** Monday, April 21, 2025 1:07 PM
**To:** Tait, Monica (USACAC) <Monica.Tait@usdoj.gov>
**Subject:** [EXTERNAL] FW: Stewart - Status Update: 2490699 | 3229 Rambla Pacifico, Malibu, CA 90265 | Laverne Rambla Llc

4

Monica,

Thank you for taking the time to discuss with me today. As promised, please see the attached PTR which, from our read does not show the Court's bond. If I am missing anything, please let me know. Also, the Trustee has no problem if you disclose on the record that he has a buyer, subject to deposit and contingencies at $13.4 million. Let me know if you have any questions. Thanks!

# EXHIBIT 17

JESS R. BRESSI (Bar. No. 110264)
jess.bressi@dentons.com
DENTONS US LLP
4675 MacArthur Court, Suite 1250
Newport Beach, California 92660
Telephone:    (949) 241-8967
Facsimile:    (949) 732-3739

Attorneys for Movants Kelsey Street, LLC and DB
Private Wealth Mortgage, Ltd.

DENTONS US LLP
601 S. Figueroa Street, Suite 2500
Los Angeles, California 90017
(213) 623-9300

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

In re La Verne Investors, LLC

CASE NO. 9:22-bk-10591-RC
Chapter 7
Hon. Ronald Clifford, III

**SUPPLEMENTAL DECLARATION OF JESS R. BRESSI RE PAY OFF OF LOAN**

**Date:  1/10/2023**
**Time:  10:00 a.m.**
**Courtroom 201**

US_ACTIVE\122944489\V-1

## Supplemental Declaration of Jess R. Bressi

I, Jess R. Bressi, declare:

1.     I am an attorney admitted to practice law in the State of California and I am admitted before this court. I am a Senior Counsel of Dentons US LLP, counsel for DB Private Wealth Mortgage, Ltd., and its assignee of the subject loan, Kelsey Street, LLC (collectively, "Lender"). I make this declaration on the basis of personal knowledge of the truth of the matters asserted herein. If called to testify I could and would testify truthfully as to the contents of this Declaration. Any undefined, initially capitalized terms have the same meanings as used in my previous declaration filed with the Court on December 2, 2022.

2.     I am the attorney primarily responsible for representing Lender in connection with this Motion as well as the loan defaults, forbearance agreements, foreclosure postponements and the non-judicial foreclosure of the collateral securing repayment of the Lender's loan secured by the property located at 3229 Rambla Pacifico, Malibu, California (the "Subject Property").

3.     The purpose of this Declaration is to update the Court on a significant event that has occurred since Lender's Motion was filed on December 2, 2022.

4.     On Thursday, December 22, 2022, Lender received a wire transfer with sufficient funds to repay the Loan in full. I am informed that the wire was for $3,328,369.57.

5.     Lender is preparing the documents needed to reconvey its Deed of Trust. Lender will soon deliver these documents to the escrow company that apparently handled the transaction that generated the funds used to pay off the Loan.

6.     In light of the payoff, the Motion is likely moot. However, I will attend the hearing set for January 10th via Zoom.gov in case the Court has any questions.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of January, 2023 at Orange County, California.

Jess R. Bressi

DENTONS US LLP
601 S. FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017
(213) 623-9300

CASE NO. 9:22-bk-10591-RC
SUPP'L DECLARATION OF BRESSI

1

US_ACTIVE\122944489\V-1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4675 MacArthur Court, Suite 1250, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): SUPPLEMENTAL DECLARATION OF _____
JESS R. BRESSI RE PAY OFF OF LOAN _____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/03/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __01/03/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

La Verne Investors, LLC, Debtor
3229 Rambla Pacifico
Malibu, CA 90265

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __01/03/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Ronald Clifford, III
US Bankruptcy Court
1415 State Street, Suite 233
Santa Barbara, CA 93101-2511

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/03/2023 | Kathleen Cwik | *Kathleen Cwik* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**<u>SERVICE VIA NEF</u>**

Roseann Frazee on behalf of Debtor La Verne Investors, LLC

roseann@frazeelawgroup.com


Sandra McBeth (TR)

jwalker@mcbethlegal.com, CA65@ecfcbis.com; ecf.alert+McBeth@titlexi.com


United States Trustee (ND)

ustpregion16.nd.ecf@usdoj.gov


Fanny Zhang Wan on behalf of Creditor U.S. Bank Trust National Association, Not In Its
Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust C/O U.S. Bank
Trust National Association

fwan@raslg.com

**Service by Mail**

Sandra McBeth, Chapter 7 Trustee
7343 El Camino Real, #185
Atascadero, CA 93422

US Trustee
Northern Division
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Security Capital Ventures LLC
4500 Executive Drive, Suite 100
Naples, FL 34119