CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JAMES S. THREATT (Bar No. 325317)
(E-Mail: jimmy_threatt@fd.org)
REBECCA ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
JONATHAN C. AMINOFF (Bar No. 259290)
(E-Mail: jonathan_aminoff@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
BERNHARD EUGEN FRITSCH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BERNHARD EUGEN FRITSCH, <br><br> Defendant. | Case No. 17-CR-00520-DSF <br><br> **DECLARATION OF BERNHARD EUGEN FRITSCH IN SUPPORT OF OPPOSITION TO GOVERNMENT MOTION TO REVOKE BOND** <br><br> Hearing: June 2, 2025 at 8:30 a.m. |

To supplement its previously-filed opposition (Dkt. 528) to the government's motion to revoke bond (Dkt. 524), the defense respectfully submits the attached declaration of defendant Bernhard Eugen Fritsch.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  May 30, 2025

By  */s/ James S. Threatt*

James S. Threatt
Deputy Federal Public Defender
Attorney for Bernhard Eugen Fritsch

1

**DECLARATION OF BERNHARD FRITSCH**

I, Bernhard Fritsch, respectfully submit this declaration in support of continued release pending sentencing and in opposition to the government's motion for remand.

1. I have been on pretrial release since December 2017. During that time, I have complied with every condition imposed by this Court.

2. I have never missed a court appearance. I have never violated my release conditions. I have maintained continuous communication with Pretrial Services and have demonstrated good-faith compliance throughout.

3. The government now characterizes my continued presence in the United States as "irrational," but that is exactly what I did—remain here, under supervision, for nearly eight years.

4. I surrendered my passport, remained accountable, and submitted to location monitoring until the Court lifted it in recognition of my compliance. The government's speculative concerns are not supported by fact. My record speaks louder.

5. I have never fled, despite ample opportunity and financial means in the past. Instead, I managed my obligations and prepared for trial.

6. Between 2022 and 2024, I filed at least four formal motions with this Court requesting permission to sell the Malibu property located at 3229 Rambla Pacifico. Each request was submitted openly, for the purpose of meeting legitimate obligations—paying taxes, reducing debt, and securing legal representation.

7. In December 2022, I refinanced the property through a $5.5 million loan from JayCo. As a condition of the loan, JayCo required title to be held in an LLC. Accordingly, I closed the loan using La Verne Rambla LLC, an entity I own 100%.

8. From the loan proceeds, I paid off the Deutsche Bank mortgage in full, prepaid 12 months of interest totaling $674,895.84, and paid $750,000 in legal fees to retain counsel.

1

9.      After the closing, I transferred title back to my personal name, as agreed with the lender. There was no concealment, no transfer to third parties, and no attempt to impair the Court's lien, which remained attached.

10.      When JayCo subsequently refused to honor the refinancing agreement, issued a Notice of Default, and continued to threaten foreclosure, I sought a Temporary Restraining Order from the California state court. The court granted the TRO in my favor.

11.      In October 2024, I filed for bankruptcy protection to stabilize the property and protect the bond. The property remains under the administration of a court-appointed Chapter 7 trustee.

12.      The trustee has full access to all title and financial records. The Court's conditional lien remains senior, enforceable, and undisputed. At no point did I sell the property or seek to diminish its value.

13.      The property has been impacted by the Franklin and Palisades fires, which has complicated refinancing efforts. The court-appointed trustee is fully aware of this lien priority.

14.      The bond package I now offer includes significant equity in two separate residences, $260,000 in unsecured pledges from family and friends, and the continued enforceability of the Court's lien on the Malibu property.

15.      There is no evidence that I present a risk of flight. I have traveled both domestically and internationally with prior Court approval and have returned each time as instructed. I surrendered my passport after each trip and followed all conditions without deviation.

16.      There is also no evidence suggesting I pose a danger to the community. I have engaged in no criminal conduct since my release. I have not solicited new investors or committed any acts of fraud. I have had no adverse contact with law enforcement during this entire period.

2

17. The government's concerns are not based on facts or violations but rather on a post-verdict presumption that disregards nearly eight years of consistent, reliable, and verified conduct.

18. I respectfully request that the Court deny the government's motion for remand. Through my actions—not my words—I have consistently demonstrated a willingness to face the legal process and to appear for sentencing.

19. If the Court has remaining concerns, I am willing to accept additional conditions of release, including location monitoring, periodic financial reporting, or any other reasonable restrictions the Court deems necessary.

20. I have earned this Court's trust by complying at every step. I now ask only for the opportunity to continue that compliance and to appear for sentencing as I have appeared for every hearing since 2017—on time, prepared, and in good faith.

21. I ask the Court to recognize the weight of the pledges offered on my behalf and the strength of my own unbroken record of compliance. The support behind me is not merely symbolic—it carries financial, emotional, and reputational significance. These individuals stand to lose if I violate the Court's trust. But I won't. I never have.

22. My conduct over the past eight years demonstrates that I respect this Court, its authority, and the integrity of this process. I have remained accountable despite numerous pressures and adverse circumstances—and despite having had the opportunity to do otherwise.

23. The government has introduced no evidence showing that I have evaded oversight, concealed assets, endangered others, or violated any condition of release. Their arguments rest on hypotheticals, not facts. Speculation is not evidence. And it is not justice.

24. I am not a risk. I am not a danger. I am not a fugitive. I am a man who has remained present and cooperative through every stage of this case.

25. The Malibu property that has served as the cornerstone of my bond remains intact and under the supervision of a Chapter 7 trustee. That trustee has no

personal or professional connection to me. I do not control the property, nor can I interfere with its disposition or any proceeds. That asset remains secure.

26.    I continue to reside in this jurisdiction. I remain engaged with legal counsel and in regular contact with Pretrial Services. I continue to appear before this Court as directed. I continue to live in accordance with all conditions imposed.

27.    I respectfully ask this Court to consider my record, not the government's conjecture. I ask the Court to weigh the years of documented compliance, the financial support pledged by those who believe in my integrity, and the fact that all bond security remains in place and protected.

28.    The government's motion for remand does not reflect the record. It reflects their fear of a hypothetical scenario—one that has never materialized, and which my actions over eight years demonstrate is unfounded.

29.    The Bail Reform Act provides this Court with the tools necessary to address any remaining concerns. Enhanced conditions of release—if the Court deems them appropriate—can be imposed to ensure continued accountability without resorting to incarceration. I am prepared to accept such measures.

30.    I have never run. I have never hidden. I have never disrespected this Court.

31.    I respectfully request that I be permitted to remain on bond under the existing conditions, or with any modifications the Court finds necessary, until sentencing.

32.    I understand the gravity of these obligations. For nearly eight years, I have honored the Court's trust—even as release conditions were gradually relaxed—and I have done so without a single violation.

33.    I did not take that trust for granted. I appeared for every hearing. I complied with every restriction. I obeyed every directive.

34.    I remain committed to appearing for sentencing as scheduled. I am not fleeing. I am not hiding. I am not evading responsibility. I am here.

4

35.     I ask the Court to judge me by my actions—not by what others fear I might do.

36.     The government presents no new facts in support of its motion for remand. Its argument is built on speculation and administrative transactions—most of which were either approved by the Court, disclosed to the Court, or undertaken under financial pressure and later corrected in good faith.

37.     I have not sold or concealed the property that secures my bond. It is now under the supervision of a bankruptcy trustee, who is managing the asset transparently and independently. I have not interfered in any way.

38.     The Court's lien on the property remains intact, enforceable, and senior. The bond is still secured by substantial equity.

39.     The individuals who pledged support—through property, affidavits, and unsecured commitments—remain steadfast. Their backing is real, their motivations are sincere, and their confidence in me is based on nearly eight years of proven reliability. I will not betray that trust.

40.     I accept full responsibility for meeting every future obligation imposed by this Court. If additional safeguards are deemed necessary, I will comply. But I respectfully request the opportunity to remain on release.

41.     This request is not based on promises, but on conduct. Since 2017, I have lived under this Court's authority with full compliance, complete cooperation, and unwavering accountability.

42.     For all of these reasons, I respectfully request that the Court deny the government's motion for remand and allow me to remain free on bond pending sentencing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 29, 2025, at Los Angeles, California.

Bernhard Fritsch