BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931
     Facsimile: (213) 894-6269
     E-mail:    monica.tait@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 17-00520-DSF |
|---|---|
| Plaintiff, | DECLARATION AND EXHIBIT IN FURTHER SUPPORT OF MOTION FOR REMAND PURSUANT TO 18 U.S.C. § 3143(A)(1) (Dkt. 530); DECLARATION AND EXHIBITS |
| v. | |
| BERNHARD EUGEN FRITSCH, | |
| Defendant. | Hearing:    June 2, 2025 at 8:30 a.m. |

To supplement its Motion for Remand with new facts learned after the government's Reply was filed, the government respectfully submits the attached Declaration and Exhibits in support of the Motion (Dkt. 530).

i

Dated: June 2, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division


            /s/
MONICA E. TAIT
Assistant United States Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

DECLARATION OF MONICA E. TAIT

I, MONICA E. TAIT, declare as follows:

1.    I am an Assistant United States Attorney ("AUSA") for the Central District of California, and I am one of the attorneys assigned to represent the government's interest in the matter United States v. Bernhard Eugen Fritsch, CR 17-520 DSF.  I have knowledge of the facts set forth herein, except as indicated below, and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2.    I caused a subpoena to be served on Marc Montgomery, one of defendant's sureties, relating to the anticipated hearing on June 2, 2025.  In response, I received the attached email on June 1, 2025 from Mr. Montgomery's attorney, Douglas Galanter, as well as several documents.

3.    Mr. Galanter indicated that he was attaching "two agreements emailed by Fritsch today" [i.e., June 1, 2025] relating to the 3229 Rambla Pacifico property ("Malibu Mansion").  Attached hereto as Exhibits 18 and 19 are the two agreements, which may be duplicates of each other.  The agreements each contain the following terms:

a.    Defendant Bernhard Fritsch agrees to sell and transfer a 100% interest in La Verne Rambla LLC, which is the titleholder to the Malibu Mansion, to a third party ("Purchaser").  Exhibit 18, at 1 (Recitals A-E, Section 1.1).

b.    As a "purchase condition," the Purchaser will sell the Malibu Mansion - - "mainly through selling [Purchaser's] ownership of the LLC," for $21 million, keep 30% of the proceeds, then pay the remainder to "the Fritsch Trust as directed by Bernhard Fritsch or

Christian Finke." The Purchaser will transact relating to the sale with attorney Thomas Gruenbeck. Exhibit 18 at 2 (§ 2.1).

c. The sales transaction is due to close the week of "August 21, 2023 [sic] so long as the funding of the Purchase Price is available for release during that time." Exhibit 18 at 3 (§ 6.1).

d. "Fritsch represents and warrants that there are no material actions, suits, proceedings, orders, investigations, or claims pending or, to the best of his knowledge, threatened or likely against the Company." Id. at § 3.6. There is no mention of the fact that the company is presently in bankruptcy, or that the Malibu Mansion is subject to the bankruptcy.

4. Christian Finke was the German attorney who represented defendant at the Rule 15 deposition of Ian Cartwright in Munich, Germany. Thomas Gruenbeck, a California attorney, was a defense witness at trial who testified that he was the trustee for defendant's family trust.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on June 2, 2025.

/s/ Monica E. Tait

MONICA E. TAIT

# EXHIBIT 18

 **Outlook**

## [EXTERNAL] Response to Montgomery Subpoena

**From** Douglas Galanter <dgalanter@galanterassociates.com>

**Date** Sun 6/1/2025 10:22 PM

**To** Tait, Monica (USACAC) <Monica.Tait@usdoj.gov>

📎 22 attachments (16 MB)

3-1-22 Ally car pmt 3-17-22 Bernhard personal loan 3-30-22 Ally car pmt.pdf; 2-22-22 Ally car pmt.pdf; 1-28-21 Ally car pmt.pdf; 7-2-24 Ally car pmt 7-30-24 Aly car pmt.pdf; 5-3-22 Ally car pmt 5-31-22 Ally car pmt.pdf; 9-2-22 Ally car pmt 9-30-22 Ally car pmt.pdf; 9-29-23 Ally car pmt.pdf; 11-18-19 Loan to Bernhard for mortgage pmt .pdf; 10-1-24 Ally car pmt.pdf; 11-29-22 Ally car pmt.pdf; Ally emailed pay off notices.pdf; DMV registration 2024.pdf; GIF LOC from Marc spreadsheet 1-12-25 (1).xlsm; Emails - Re_ 2014 Mercedes.pdf; GIF LOC from Marc spreadsheet 1-12-25.xlsm; Membership Interest Purchase Agreement La Verne Rambla Fritsch Eckley (1).pdf; Membership Interest Purchase Agreement La Verne Rambla Fritsch Eckley .pdf; Personal LOC loan 10 % interest spreadsheet loan for Bernhard 1-12-25.xlsm; Personal loan for John Latrell retainer 1-12-25.xlsm; Title document 2018.pdf; Title documents Mercedes.pdf; Signed Ally financial loan document 2-12-2018.pdf;

Monica,

Attached are PDF copies of documents located by Dr. Montgomery that are responsive to the subpoena served by your office, along with four Excel spreadsheets maintained by him that list various direct payments to Fritsch's various creditors.

Also attached are copies of two agreements emailed by Fritsch today to Dr. Montgomery, which purport to document Fritsch's sale of all of his membership shares in La Verne Rambla LLC to a British resident named Marc Eckley, for the total price of $1.00 US. The agreements further reflect that Eckley will cause the Rambla Pacifico property to be sold for "approximately $21 million," that the expected net sale proceeds will be $11 million, and that 70% of those net proceeds will be paid directly to the "Fritsch Trust" with the remaining 30% being paid to Eckley. I am unaware of any motion or petition being filed by the bankrupt to obtain permission from the bankruptcy court to enter into that transaction.

Please let me know if you have any questions.

Kind regards,

**Douglas F. Galanter**

**GALANTER ASSOCIATES**

Lawyers

12100 Wilshire Blvd.., Suite 800

Los Angeles, CA 90025

310.880.9454 Direct/Mobile

213.402.6584 Fax

**NOTICE:** This e-mail is intended solely for the listed addressee(s). It is confidential and may be subject to attorney/client and/or work product privileges. If you are not the addressee, or if this email has been addressed to you in error: (1) please immediately alert the sender by reply e-mail and

then delete this email and any attachments; (2) do not deliver, distribute or copy this email and its attachments; (3) do not disclose or rely upon the contents.

## MEMBERSHIP INTEREST PURCHASE AGREEMENT

This Membership Interest Purchase Agreement (the "**Agreement**") is entered into on this 31st day of May, 2025 (the "**Effective Date**") by and between the following persons:



**Bernhard Fritsch**, a California resident with a legal notice address of 3229 Rambla Pacifico, Malibu, CA 90265, email: fritschbox@iCloud.com (hereinafter "**Fritsch**"), and

**Marc Eckley**, a U.K. resident with a legal notice address o █████████████████████
Np16 7ey , United Kingdom
email ████████████████ (hereinafter "**Eckley**").

Fritsch and Eckley may be referred to individually as a "**Party**" or collectively the "**Parties**".

### RECITALS

The Recitals are made a part of and hereby are incorporated into this Agreement:

A.  La Verne Rambla, LLC, is a California limited liability company, with a legal notice address of 23120 Alicia Pkwy, Suite 223, Mission Viejo, CA 92692 (hereinafter the "**Company**" or "**Rambla**"). The Company was formed on or about June 27, 2022 with a California Secretary of State registration number of 202251315685.

B.  Fritsch owns 100 units of the issued and outstanding membership units of the Company, and is transferring all of his 100 units to Eckley. There are no other members of Rambla.

C.  Rambla is the fee simple title owner of two parcels of land in Malibu, California. These properties have a common mailing address of 3227 Rambla Pacifico, Malibu, CA 90265 ("**3227 Rambla**") and 3229 Rambla Pacifico, Malibu, CA 90265 ("**3229 Rambla**"). 3227 Rambla and 3229 Rambla shall be collectively referred to as the "**Properties**".

D.  3229 Rambla is a single family home, while 3227 Rambla is an adjacent vacant parcel of land.

E.  Eckley has agreed to purchase all of the membership units of Fritsch based on the terms and conditions set forth herein.

NOW THEREFORE, for the mutual agreements, covenants and other consideration set forth herein, the receipt and sufficiency of which is agreed to, the Parties agree as follows:

Section 1.    Purchase of Membership Interests.

1.1    Purchase of Membership Interests. Subject to the terms and conditions set forth herein, at Closing Fritsch will sell all of his membership interests in Rambla to Eckley, which will result in Eckley owning all of the issued and outstanding membership units in the Company.

1.2    Purchase Price. The purchase price to be paid by Eckley to Fritsch for all of the issued and outstanding membership units of Fritsch in the Company is **$1** (One United States Dollars) (the "**Purchase Price**"). The purchase price will be paid in immediately at the closing, which is at signing this agreement. The transfer of the ownership from Fritsch to Eckley will be effective by signing this agreement by both parties.

Section 2.        Purchase Conditions.

2.1      Cooperation. Eckley, as the new 100% of the LLC, will further sell the property – mainly through selling his ownership in the LLC -  at a price of approx. $21 Million . The expected net proceeds of this transaction will be for both properties ,  3227 and 3229 Rambla,  approx. $11 Million. Eckley will receive 30% of the net proceeds and will transfer the remaining net proceeds of 70% to the Fritsch Trust as directed by Bernhard Fritsch or Christian Finke. Eckley, as the 100% owner will transact in this upcoming sale with the attorney Thomas Gruenbeck, 23120 Alicia Pkwy. suite 223, Mission Viejo,CA 92692, Email: thomasgruenbeck@gmail.com, tel: +1 (949) 683-3362

Section 3.        Representations and Warranties of Fritsch.  As a material inducement to Eckley to enter into this Agreement, Fritsch and the Company represent and warrant that:

3.1      Organization and Corporate Power.  The Company is a limited liability company duly incorporated and validly existing under the laws of the state of California. Fritsch has taken no action which would in any way affect the filing of the Company or its good standing.

3.2      Membership Interests in the Company.  Fritsch has good, clean, clear, and marketable title to his membership units and they are solely in his name. The Company does not have outstanding and has not agreed, orally or in writing, to issue any options or rights to purchase or otherwise acquire its membership units.

3.3      Conduct of Business; Liabilities.  The Company is not in default under, and no condition exists that with notice or lapse of time would constitute a default of the Company under (i) any loan agreement, evidence of indebtedness, or other instrument evidencing borrowed money to which the Company is a party or by which the Company is bound or (ii) any judgment, order, or injunction of any court, arbitrator, or governmental agency that would reasonably be expected to affect materially and adversely the business, financial condition, or results of operations of the Company taken as a whole.

3.4      No Additional Liens or Encumbrances. Neither the Company nor Fritsch will allow any additional liens or encumbrances to be attached to the Properties prior to the Closing (as defined below).

3.5      Title to Real Property.  Fritsch represents and warrants that the Company has good and marketable title to all its personal and real property and other assets, subject only to recorded security interests, liens, pledges, charges, claims, or encumbrances.

3.6      Litigation.  Fritsch represents and warrants that there are no material actions, suits, proceedings, orders, investigations, or claims pending or, to the best of his knowledge, threatened or likely against the Company.

3.7      Tax Matters.  The Company has accurately prepared and has filed all federal, state and local tax returns and reports required to be filed by it and has paid all taxes shown as due thereon and no taxing authority has asserted any deficiency in the payment of any tax or informed the Company that it intends to assert any such deficiency or to make any audit or other investigation of the Company for the purpose of

determining whether such a deficiency should be asserted against the Company. Should any taxes be due as of the date of Closing, Fritsch will bear the cost of paying the same through that date.

3.8 Compliance with Laws. The Company is in substantial compliance with all laws, statutes, ordinances, regulations, orders, judgments, or decrees applicable to it, the enforcement of which, if the Company was not in compliance therewith, would have a materially adverse effect on the business of the Company. Fritsch has not received any notice of any asserted present or past failure by the Company to comply with such laws, statutes, ordinances, regulations, orders, judgments, or decrees.

Section 4. Covenants of Eckley and Fritsch. Eckley and Fritsch covenant and agree as follows:

4.1 Action After the Closing. Upon the reasonable request of any Party hereto after the Closing, any other Party will take all action and will execute all documents and instruments necessary or desirable to consummate and give effect to this Agreement.

Section 5. Conditions Precedent to the Obligations of Eckley. Each and every obligation of Eckley under this Agreement is subject to the satisfaction, at or before the Closing, of each of the following conditions:

5.1 Representations and Warranties; Performance. Each of the representations and warranties made by Fritsch and the Company herein will be true and correct in all material respects as of the Closing with the same effect as though made at that time except for changes contemplated, permitted, or required by this Agreement.

Section 6. Closing.

6.1 Time of Closing. The closing ("**Closing**") will take place the week of August 21, 2023 so long as the funding of the Purchase Price is available for release during that time. The Closing may be extended by agreement between the Parties.

Section 7. Intentionally left blank.

Section 8. Miscellaneous Provisions.

8.1 Amendment and Modification. Subject to applicable law, this Agreement may be amended, modified, or supplemented only by a written agreement signed by Eckley and Fritsch.

8.2 Titles and Captions. All section titles or captions contained in this Agreement are for convenience only and shall not be deemed part of the context nor affect the interpretation of this Agreement.

8.3 Entire Agreement. This Agreement contains the entire understanding between and among the Parties and supersedes any prior understandings and agreements among them respecting the subject matter of this Agreement.

8.4 Agreement Binding. This Agreement shall be binding upon the heirs, executors, administrators, successors and assigns of the Parties hereto.

8.5     Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of California.

8.6     Savings Clause.  If any provision of this Agreement, or the application of such provision to any person or circumstance, shall be held invalid, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid, shall not be affected thereby.

8.7     Legal Action; Attorney Fees.  In the event of litigation between the Parties concerning any matter arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover against the other party reasonable attorney's fees and court costs, as the same may be set by a court having jurisdiction in the matter.

8.8     Multiple Originals.  This Agreement may be executed in any number of counterparts with the same effect as if the Parties had all signed the same document.  All counterparts shall be construed together and shall constitute one agreement.  A signature provided by facsimile transmission shall constitute a valid signature for the purpose of this Agreement. Delivery of an executed counterpart of the signature page to this Agreement by pdf shall be as effective as delivery of a manually executed counterpart of this Agreement and shall be given full legal effect in accordance with applicable laws.

8.9     Time of Essence.  Time is of the essence of this Agreement.

IN WITNESS WHEREOF, the Parties have entered into this Agreement of their own free will and consent as of the Effective Date above.

**FRITSCH**                                                **ECKLEY**

_____                    _____
Bernhard Fritsch                                      Mark Eckley


**APPROVED BY THE COMPANY:**

La Verne Rambla, LLC

By: _____
        Bernhard Fritsch, Managing Member

Membership Interest Purchase Agreement
Page **4** of **6**



Membership Interest Purchase Agreement
Page **6** of **6**

# EXHIBIT 19

## <u>MEMBERSHIP INTEREST PURCHASE AGREEMENT</u>

This Membership Interest Purchase Agreement (the "**Agreement**") is entered into on this 31st day of May, 2025 (the "**Effective Date**") by and between the following persons:

**Bernhard Fritsch**, a California resident with a legal notice address of 3229 Rambla Pacifico, Malibu, CA 90265, email: fritschbox@iCloud.com (hereinafter "**Fritsch**"), and

**Marc Eckley**, a U.K. resident with a legal notice address of Pond cottage Sedbury park , Chepstow Np16 7ey , United Kingdom
email: Marc@special-ops.uk  (hereinafter "**Eckley**").

Fritsch and Eckley may be referred to individually as a "**Party**" or collectively the "**Parties**".

## RECITALS

The Recitals are made a part of and hereby are incorporated into this Agreement:

A.  La Verne Rambla, LLC, is a California limited liability company, with a legal notice address of 23120 Alicia Pkwy, Suite 223, Mission Viejo, CA 92692 (hereinafter the "**Company**" or "**Rambla**"). The Company was formed on or about June 27, 2022 with a California Secretary of State registration number of 202251315685.

B.  Fritsch owns 100 units of the issued and outstanding membership units of the Company, and is transferring all  of his 100 units to Eckley.  There are no other members of Rambla.

C.  Rambla is the fee simple title owner of two parcels of land in Malibu, California. These properties have a common mailing address of 3227 Rambla Pacifico, Malibu, CA 90265 ("**3227 Rambla**") and 3229 Rambla Pacifico, Malibu, CA 90265 ("**3229 Rambla**").  3227 Rambla and 3229 Rambla shall be collectively referred to as the "**Properties**".

D.  3229 Rambla is a single family home, while 3227 Rambla is an adjacent vacant parcel of land.

E.  Eckley has agreed to purchase all of the membership units of Fritsch based on the terms and conditions set forth herein.

NOW THEREFORE, for the mutual agreements, covenants and other consideration set forth herein, the receipt and sufficiency of which is agreed to, the Parties agree as follows:

Section 1.        <u>Purchase of Membership Interests.</u>

1.1     <u>Purchase of Membership Interests</u>.  Subject to the terms and conditions set forth herein, at Closing Fritsch will sell all of his membership interests in Rambla to Eckley, which will result in Eckley owning all of the issued and outstanding membership units in the Company.

1.2     <u>Purchase Price</u>.  The purchase price to be paid by Eckley to Fritsch for all of the issued and outstanding membership units of Fritsch in the Company is **$1** (One United States Dollars) (the "**Purchase Price**"). The purchase price will be paid in immediately at the closing, which is at signing this agreement. The transfer of the ownership from Fritsch to Eckley will be effective by signing this agreement by both parties.

Section 2.         Purchase Conditions.

2.1      Cooperation. Eckley, as the new 100% of the LLC, will further sell the property – mainly through selling his ownership in the LLC -  at a price of approx. $21 Million . The expected net proceeds of this transaction will be for both properties ,  3227 and 3229 Rambla,  approx. $11 Million. Eckley will receive 30% of the net proceeds and will transfer the remaining net proceeds of 70% to the Fritsch Trust as directed by Bernhard Fritsch or Christian Finke. Eckley, as the 100% owner will transact in this upcoming sale with the attorney Thomas Gruenbeck, 23120 Alicia Pkwy. suite 223, Mission Viejo,CA 92692, Email: thomasgruenbeck@gmail.com, tel: +1 (949) 683-3362

Section 3.         Representations and Warranties of Fritsch.  As a material inducement to Eckley to enter into this Agreement, Fritsch and the Company represent and warrant that:

3.1      Organization and Corporate Power.  The Company is a limited liability company duly incorporated and validly existing under the laws of the state of California. Fritsch has taken no action which would in any way affect the filing of the Company or its good standing.

3.2      Membership Interests in the Company.  Fritsch has good, clean, clear, and marketable title to his membership units and they are solely in his name. The Company does not have outstanding and has not agreed, orally or in writing, to issue any options or rights to purchase or otherwise acquire its membership units.

3.3      Conduct of Business; Liabilities.  The Company is not in default under, and no condition exists that with notice or lapse of time would constitute a default of the Company under (i) any loan agreement, evidence of indebtedness, or other instrument evidencing borrowed money to which the Company is a party or by which the Company is bound or (ii) any judgment, order, or injunction of any court, arbitrator, or governmental agency that would reasonably be expected to affect materially and adversely the business, financial condition, or results of operations of the Company taken as a whole.

3.4      No Additional Liens or Encumbrances. Neither the Company nor Fritsch will allow any additional liens or encumbrances to be attached to the Properties prior to the Closing (as defined below).

3.5      Title to Real Property.  Fritsch represents and warrants that the Company has good and marketable title to all its personal and real property and other assets, subject only to recorded security interests, liens, pledges, charges, claims, or encumbrances.

3.6      Litigation.  Fritsch represents and warrants that there are no material actions, suits, proceedings, orders, investigations, or claims pending or, to the best of his knowledge, threatened or likely against the Company.

3.7      Tax Matters.  The Company has accurately prepared and has filed all federal, state and local tax returns and reports required to be filed by it and has paid all taxes shown as due thereon and no taxing authority has asserted any deficiency in the payment of any tax or informed the Company that it intends to assert any such deficiency or to make any audit or other investigation of the Company for the purpose of

determining whether such a deficiency should be asserted against the Company. Should any taxes be due as of the date of Closing, Fritsch will bear the cost of paying the same through that date.

3.8     Compliance with Laws.   The Company is in substantial compliance with all laws, statutes, ordinances, regulations, orders, judgments, or decrees applicable to it, the enforcement of which, if the Company was not in compliance therewith, would have a materially adverse effect on the business of the Company.  Fritsch has not received any notice of any asserted present or past failure by the Company to comply with such laws, statutes, ordinances, regulations, orders, judgments, or decrees.

Section 4.     Covenants of Eckley and Fritsch.  Eckley and Fritsch covenant and agree as follows:

4.1     Action After the Closing.  Upon the reasonable request of any Party hereto after the Closing, any other Party will take all action and will execute all documents and instruments necessary or desirable to consummate and give effect to this Agreement.

Section 5.     Conditions Precedent to the Obligations of Eckley.  Each and every obligation of Eckley under this Agreement is subject to the satisfaction, at or before the Closing, of each of the following conditions:

5.1     Representations and Warranties; Performance.  Each of the representations and warranties made by Fritsch and the Company herein will be true and correct in all material respects as of the Closing with the same effect as though made at that time except for changes contemplated, permitted, or required by this Agreement.

Section 6.     Closing.

6.1     Time of Closing.  The closing ("**Closing**") will take place the week of August 21, 2023 so long as the funding of the Purchase Price is available for release during that time. The Closing may be extended by agreement between the Parties.

Section 7.     Intentionally left blank.

Section 8.     Miscellaneous Provisions.

8.1     Amendment and Modification.   Subject to applicable law, this Agreement may be amended, modified, or supplemented only by a written agreement signed by Eckley and Fritsch.

8.2     Titles and Captions.  All section titles or captions contained in this Agreement are for convenience only and shall not be deemed part of the context nor affect the interpretation of this Agreement.

8.3     Entire Agreement.  This Agreement contains the entire understanding between and among the Parties and supersedes any prior understandings and agreements among them respecting the subject matter of this Agreement.

8.4     Agreement Binding.  This Agreement shall be binding upon the heirs, executors, administrators, successors and assigns of the Parties hereto.

8.5     Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

8.6     Savings Clause. If any provision of this Agreement, or the application of such provision to any person or circumstance, shall be held invalid, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid, shall not be affected thereby.

8.7     Legal Action; Attorney Fees. In the event of litigation between the Parties concerning any matter arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover against the other party reasonable attorney's fees and court costs, as the same may be set by a court having jurisdiction in the matter.

8.8     Multiple Originals. This Agreement may be executed in any number of counterparts with the same effect as if the Parties had all signed the same document. All counterparts shall be construed together and shall constitute one agreement. A signature provided by facsimile transmission shall constitute a valid signature for the purpose of this Agreement. Delivery of an executed counterpart of the signature page to this Agreement by pdf shall be as effective as delivery of a manually executed counterpart of this Agreement and shall be given full legal effect in accordance with applicable laws.

8.9     Time of Essence. Time is of the essence of this Agreement.

IN WITNESS WHEREOF, the Parties have entered into this Agreement of their own free will and consent as of the Effective Date above.

**FRITSCH**                                                    **ECKLEY**

_____             _____
Bernhard Fritsch                                              Mark Eckley

**APPROVED BY THE COMPANY:**

La Verne Rambla, LLC

By: _____
        Bernhard Fritsch, Managing Member

Membership Interest Purchase Agreement
Page **4** of **6**



Eckley ID: