BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931
     Facsimile: (213) 894-6269
     E-mail:    monica.tait@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 17-00520-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S FURTHER STATUS REPORT REGARDING BANKRUPTCY CASE AS IT RELATES TO CLERK'S DEED OF TRUST TO SECURE DEFENDANT'S BOND; EXHIBITS |
| v. | |
| BERNHARD EUGEN FRITSCH, | |
| Defendant. | No hearing requested |

The government provides this status report to update the Court concerning the collateral securing defendant's bond, which the Court has ordered revoked (Dkt. No. 536):

1.    As the Court is already aware, on October 23, 2024, defendant BERNHARD EUGEN FRITSCH signed a bankruptcy petition as the managing member of La Verne Rambla, LLC, in the matter In Re La Verne Rambla, LLC, 9:24-bk-11215-RC, a case now pending in the United States Bankruptcy Court for the Central District of California (the "bankruptcy case").  FRITSCH listed the real property located at 3229

Rambla Pacifico, Malibu, California (his "Malibu mansion") as an asset of the LLC debtor.

2.    The Malibu Mansion is the security for defendant's bond, via a deed of trust in favor of the Clerk's office.  See Dkt. No. 59 ("Clerk's Lien").

3.    Updating the government's prior status report filed as docket no. 541, the undersigned has learned the following regarding the bankruptcy case from other AUSAs in the Tax and Bankruptcy Section of this United States Attorney's Office, who have personal knowledge:

a.    The priority of the Clerk's Lien continues to be disputed.  In the bankruptcy case and otherwise, Jayco Premium Finance of California ("Jayco") claims a lien on the Malibu mansion superior to the Clerk's Lien securing the bond in this case. Attached as Exhibit A is Jayco's complaint outlining its position (without exhibits).

b.    In June 2025, the bankruptcy trustee ("Trustee") filed a motion to sell the Malibu mansion.  The hearing on the motion, and other motions in the case, was scheduled to take place August 19, 2025.

c.    On August 18, 2025, Jayco and the Trustee filed a stipulation in which they agreed to, and recommended the bankruptcy court adopt, certain procedures for the sale of the Malibu mansion (the "new sales procedures").  If the bankruptcy court adopts the new sales procedures, the Malibu mansion will be sold to either Jayco or a third-party buyer on September 9, 2025.  It is possible such sale

2

may be free and clear of any liens, including the Clerk's Lien.  A copy of the stipulation is attached as Exhibit B.

d.   At an August 19, 2025, hearing, the bankruptcy court did not decide the Trustee's motion for sale of the Malibu mansion and took the matter under submission.  As of this writing, the bankruptcy court has not yet signed the Order approving the stipulation.

Dated: August 26, 2025                    Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
MONICA E. TAIT
Assistant United States Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

3

# EXHIBIT A

Michael G. King (SBN 145477)
Paul T. Martin (SBN 155367)
Robert A. Pistone (SBN 348444)
HENNELLY & GROSSFELD LLP
10900 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Telephone: (310) 305-2100
Facsimile: (310) 305-2116
mking@hgla.com
pmartin@hgla.com
rpistone@hgla.com

SNELL & WILMER L.L.P.
Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Joshua R. Duffy, Bar No. 269478
jduffy@swlaw.com
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Plaintiff Jayco
Premium Finance of California, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>LA VERNE RAMBLA, LLC,<br><br>Debtor. | Case No. 9:24-bk-11215-RC<br><br>Chapter 7 |
| Jayco Premium Finance of California, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>La Verne Rambla, LLC; Jeremy W. Faith, Chapter 7 Trustee; Clerk, U.S. District Court, Central District of California; and All Persons Unknown Claiming Any Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title or Interest, or Any Cloud on Plaintiff's Title Thereto,<br><br>Defendants. | Adv. No. _____<br><br>**COMPLAINT TO DETERMINE PRIORITY OF LIENS BY QUIET TITLE AND DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 157(b)(2)(K)**<br>(Hearing date to be set by summons) |

{00448157 }

1

COMPLAINT

Plaintiff JAYCO PREMIUM FINANCE OF CALIFORNIA, INC. ("Jayco" or "Plaintiff") hereby requests the Court to make a final determination as to the priority of Jayco's Deed of Trust on the 3229 Property (defined below), pursuant to 28 U.S.C. § 157(b)(2)(K), and Fed.R.Bankr.P. 7001(2) and 7001(9), and makes all of the below allegations based on its information and belief unless otherwise stated. Jayco alleges as follows:

### SUMMARY OF DISPUTE

1. Jayco is a secured creditor. Jayco is the beneficiary of a first priority Deed of Trust on the 3229 Property (defined below), which secures a loan Jayco made to debtor La Verne Rambla LLC in December 2022. Jayco's Deed of Trust was recorded more than two years after the Clerk of the District Court reconveyed its Deed of Trust on the 3229 Property and six months after the government withdrew its Lis Pendens on the 3229 Property. The federal government's contention that both the reconveyance of the Deed of Trust and withdrawal of the Lis Pendens had no effect on the priority of these instruments is erroneous. Pursuant to 28 U.S.C. § 2409a, Title should be quieted in Jayco's favor as of December 21, 2022, the date Jayco's Deed of Trust was recorded.

### JURISDICTION

2. On October 23, 2024 (the "Petition Date"), La Verne Rambla LLC ("Debtor") a California Limited Liability Company, both formed and based in California, filed its voluntary petition under chapter 7 of the Bankruptcy Code commencing this bankruptcy case (the "Bankruptcy Case") in the Central District of California, Northern Division. This case is numbered 9:24-bk-11215-RC. Therefore, this court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) regarding "determinations of the validity, extent, or priority of liens."

### VENUE

4. Venue is proper pursuant to 28 U.S.C § 1409(a) because this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

{00448157 }

2

COMPLAINT

## CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENT

## BY BANKRUPTCY COURT

5.     Jayco consents to the entry of final orders or judgments on the validity, extent, and priority of its lien on the 3229 Property arising from this adversary complaint.

## PARTIES, LEGAL DESCRIPTION OF PROPERTY, AND OTHERS WHO MAY CLAIM

## AN INTEREST IN THE PROPERTY

6.     Jayco is a California corporation with its principal place of business in Costa Mesa, California and the holder of an interest in real property commonly known as 3229 Rambla Pacifico Street, Malibu, CA 90265, APN 4451-011-073 (the "3229 Property").  The 3229 Property is legally described as:

PARCEL A:

PARCEL 1 OF PARCEL MAP NO. 21911, IN THE CITY OF MALIBU, COUNTY OF

LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 284

PAGES 10 AND 11 OF PARCEL MAPS; IN THE OFFICE OF THE COUNTY

RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON

SUBSTANCES LYING BELOW THE SURFACE OF SAID LAND, BUT WITHOUT

THE RIGHT OF SURFACE ENTRY, AS RESERVED BY MARBLEHEAD LAND

COMPANY, A DELAWARE CORPORATION IN A DEED RECORDED IN BOOK

33268, PAGE 35 OF OFFICIAL RECORDS[1].

7.     The Clerk of the U.S. District Court, Central District of California ("District Court") claims an interest in the 3229 Property.  United States of America ("U.S." or "the Government") filed a criminal complaint against Bernhard E. Fritsch ("Mr. Fritsch") on August 17, 2017 for violation of Title 18 United States Code Section 1343 in the United States District Court for the Central District of California, Case No. 17CR00520-DSF (the "Criminal Action").

---

[1] The complete legal description of the 3229 Property, which includes easements as Parcels B, C and D, is attached to Jayco's Deed of Trust, Exhibit 11 (pp. 102-133) to this Complaint and incorporated by reference herein.

{00448157 }

3

COMPLAINT

The District Court claims an interest in the 3229 Property based on a Deed of Trust and corrective Deed of Trust, recorded by the District Court on November 30, 2017, and December 11, 2017, respectively, as collateral for an appearance bond.

8. The Debtor, is a California Limited Liability Company, both formed and based in California. The Debtor is the owner of the 3229 Property.

9. To the extent that there are other persons or entities, of which Jayco is presently unaware, claiming some right, title or interest in the 3229 Property, Jayco will, if necessary, seek leave of court to amend this Complaint to name them as Defendants.

10. Jayco is entitled to a judgment quieting title consistent with its interest in the 3229 Property pursuant to the Jayco Deed of Trust (defined below).

## GENERAL ALLEGATIONS

### Criminal Action Against Mr. Fritsch

11. After commencing the Criminal Action on August 17, 2017, the U.S. recorded a lis pendens on August 22, 2017 in the Official Records of Los Angeles County, California ("Official Records"), as Document No. 20170946673 (the "Lis Pendens"), against the following properties (i) ("Parcel 1") the 3229 Property, and (ii) ("Parcel 2") APN 4451-011-074, commonly known as 3227 Rambla Pacifico, Malibu, CA 90265 (the "3227 Property.") A true and correct copy of the Lis Pendens is attached hereto as **Exhibit 1** (pp. 10-18) and incorporated by reference.

12. On or about November 30, 2017, the District Court entered an *Order Re Release and Conditions of Bond* ("Release Order") conditioning Mr. Fritsch's release from incarceration on the posting of an appearance bond in the amount of $7,205,000 secured by the 3229 Property and the 3227 Property.

### Initial Deed of Trust to Secure Fritch's Appearance at Trial

13. In order to comply with the Release Order, 3229 Rambla Pacifico, Inc. (the "Rambla Company"), then the title holder of the 3229 Property and the 3227 Property, transferred the 3229 Property and the 3227 Property to Mr. Fritsch by a Quitclaim Deed dated November 27, 2017, and recorded on November 30, 2017, as Document No. 20171382440 ("QCD 1"). QCD 1

{00448157 }

4

COMPLAINT

included the legal descriptions of the 3229 Property (Parcel 1) and the 3227 Property (Parcel 2) but only listed the APN for the 3229 Property, not the 3227 Property. A true and correct copy of QCD 1 is attached hereto as **Exhibit 2** (pp. 19-26) and incorporated by reference.

14.     Mr. Fritsch then executed a Short Form Deed of Trust and Assignment of Rents dated November 22, 2017 ("U.S. DOT 1") in favor of the District Court on November 22, 2017, which was recorded on November 30, 2017, as Document No. 20171382441. U.S. DOT 1 included the legal description of the 3229 Property (Parcel 1) and the 3227 Property (Parcel 2) but only listed the APN for the 3229 Property, not the 3227 Property. A true and correct copy of U.S. DOT 1 is attached hereto as **Exhibit 3** (pp. 27-34) and incorporated by reference.

**Corrective Deed of Trust to Include 3227 Property APN**

15.     Rambla Company thereafter executed a second Quitclaim Deed (the "CORRECTIVE QCD"), dated December 11, 2017, and recorded December 11, 2017, as Document No. 20171433648, containing the same legal description (for both the 3229 and 3227 Properties) and adding the APN for the 3227 Property. The CORRECTIVE QCD stated that it was to correct QCD 1 and identify the 3227 Property's APN (No. 4451-011-074), since QCD 1 only included the 3229 Property's APN (No. 4451-011-073). A true and correct copy of the CORRECTIVE QCD is attached hereto as **Exhibit 4** (pp. 35-42) and incorporated by reference.

16.     On December 11, 2017, Mr. Fritsch executed a Short Form Deed of Trust and Assignment of Rents dated December 8, 2017, and recorded December 11, 2017, as Document No. 20171433649 (the "CORRECTIVE DOT"), which listed APNs for both the 3229 Property and the 3227 Property. The CORRECTIVE DOT states that its purpose and effect are to correct U.S. DOT 1 and not to serve as a separate deed of trust encumbering either of the Properties: "This Deed of Trust is to correct Deed of Trust Document #20171382441 recorded 11-30-17, it corrects the APN to 4451-011-073 & 4451-011-074." The legal descriptions in U.S. DOT 1 and the CORRECTIVE DOT are identical. A true and correct copy of the CORRECTIVE DOT is attached hereto as **Exhibit 5** (pp. 43-50) and incorporated by reference.

{00448157 }

5

COMPLAINT

**Government Reconveys CORRECTIVE DOT and Withdraws Lis Pendens**

17.     On June 17, 2020, District Court executed a *Substitution of Trustee and Full Reconveyance* (the "Reconveyance") of the CORRECTIVE DOT which was recorded in the Official Records as Document No. 20200674691 on June 19, 2020.  The Reconveyance identifies "that certain Deed of Trust dated Nov 22, 2017 [U.S. DOT 1] corrected 12/8/17 [CORRECTIVE DOT], and recorded November 30, 2017 [U.S. DOT 1], Instrument No. 20171433649 [CORRECTIVE DOT]."  Because the Reconveyance eliminated the CORRECTIVE DOT, which had been recorded to correct the defects in U.S. DOT 1, the Reconveyance terminated the District Court's security interest in the 3229 Property (Parcel 1) and 3227 Property (Parcel 2) under U.S. DOT 1 as well.  A true and correct copy of the Reconveyance is attached hereto as **Exhibit 6** (pp. 51-55)  and incorporated by reference.

18.     On May 31, 2022, the U.S. recorded a Withdrawal of Lis Pendens in the Official Records as Doc. No. 20220578780, thereby withdrawing the Lis Pendens.  No subsequent lis pendens has been recorded by the U.S. against either the 3229 Property or the 3227 Property.  A true and correct copy of the withdrawal of the Lis Pendens is attached hereto as **Exhibit 7** (pp. 56-66) and incorporated by reference.

**Jayco's Loan to Debtor and First Priority Deed of Trust**

19.     Mr. Fritsch executed a Grant Deed dated December 16, 2022, recorded December 21, 2022, as Document No. 20221189173, conveying his interest in the 3229 Property to Debtor. A true and correct copy of December 16, 2022, Grant Deed is attached hereto as **Exhibit 8** (pp. 67-73) and incorporated by reference.

20.     Jayco entered into a loan transaction agreement with Debtor on December 16, 2022, agreeing to lend a principal amount of $5,500,000 (the "Loan") to Debtor.  This is evidenced by the *Loan and Security Agreement dated December 16, 2022* (the "Loan Agreement") and a *Secured Note dated December 16, 2022* (the "Note").  A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 9** (pp. 74-96) and incorporated by reference.  A true and correct copy of the Note is attached hereto as **Exhibit 10** (pp. 97-101) and incorporated by

{00448157 }

6

COMPLAINT

reference.

21.  As security for the Loan, Debtor executed a Deed of Trust for the 3229 Property, recorded December 21, 2022 as Document No. 20221189174 (the "Jayco Deed of Trust").  A true and correct copy of the Jayco Deed of Trust is attached hereto as **Exhibit 11** (pp. 102-133) and incorporated by reference.

22.  Jayco's Loan to Debtor matured on January 1, 2024.  Debtor failed to pay the amounts owned under the Note by that date and is in default.  Under the Jayco Deed of Trust, Jayco has the right to foreclose on the 3229 Property.

23.  On February 23, 2024, Jayco initiated nonjudicial foreclosure proceedings against the 3229 Property, the initial sale date of which was set for July 10, 2024, and later continued to October 30, 2024.

24.  Debtor filed the instant Chapter 7 bankruptcy case on October 23, 2024, and filed its bankruptcy schedules on November 6, 2024, listing Jayco's claim at $6,506,858.97 as of the October 23, 2024, petition date.

25.  On information and belief, Mr. Fritsch failed to appear at his June 2, 2025, scheduling hearing, and the Government claims he thereby violated the terms of his Bond.  On information and belief, the Government contends that U.S. DOT 1 is still of record despite the Reconveyance and the withdrawal of the Lis Pendens, and that U.S. DOT 1 is senior to Jayco's Deed of Trust.

### FIRST CAUSE OF ACTION

**(Quiet Title – Against All Creditors as to 3229 Property)**

26.  Jayco incorporates by reference paragraphs 1 through 25, inclusive of this Complaint as though set forth fully herein.

27.  Jayco seeks to quiet title to the 3229 Property against defendants.  The District Court's claim to a purported senior lien based on U.S. DOT 1, which has been reconveyed, puts a cloud on Jayco's title.

28.  The Reconveyance recorded by the District Court terminated both U.S. DOT 1 and

the CORRECTIVE DOT. The Reconveyance explicitly included both U.S. DOT 1 and the CORRECTIVE DOT. Moreover, the CORRECTIVE DOT was executed and recorded simply to correct the omission of the APN for the 3227 Property from U.S. DOT 1. The CORRECTIVE DOT was not a separate additional lien on the 3229 Property. When the District Court reconveyed the CORRECTIVE DOT, it terminated any security interest it had in the 3229 Property.

29.     Alternatively, Jayco is a bona fide encumbrancer. Jayco had no actual or constructive notice of any adverse claim by the District Court at the time it made the $5,500,000 Loan to the Debtor and recorded the Jayco Deed of Trust. The loan proceeds provided value to the Debtor. The District Court had no security interest of record in the 3229 Property at the time Jayco made the Loan to the Debtor.

30.     Jayco does not know the exact names, capacities, or interests in the 3229 Property which certain unnamed creditors may have. Jayco seeks to quiet title in the Property against the claim of each such unnamed creditors, and each such creditor has no right, title, estate, lien, or interest in the Property.

31.     Jayco's interest in the 3229 Property by virtue of the Jayco Deed of Trust should be quieted in favor of Jayco as of December 21, 2022, the date the Jayco Deed of Trust was recorded.

## SECOND CAUSE OF ACTION

### (Declaratory Relief – Against All Creditors as to 3229 Property)

32.     Jayco incorporates by reference paragraphs 1 through 31, inclusive of this Complaint as though set forth fully herein.

33.     An actual controversy has arisen and now exists between Jayco and the District Court in that Jayco contends – and the District Court denies – that Jayco is a senior secured bona fide encumbrancer of the 3229 Property which took its interest free and clear of the District Court's claimed interest in the 3229 Property.

34.     Jayco desires a judicial determination of Jayco and the District Court's respective rights, if any, with respect to the 3229 Property and as set forth above.

35.     A judicial determination is necessary and appropriate at this time under the

{00448157 }

8

COMPLAINT

circumstances so that Jayco and the District Court may ascertain their respective rights and duties, if any, to each other and with respect to the 3229 Property. Until and unless these disputes and controversies are resolved, neither Jayco nor the District Court will be able to fully determine their respective rights and duties, if any, to each other and with respect to the 3229 Property, and a multiplicity of litigation may result if the Court does not judicially declare the parties' rights as requested.

## PRAYER FOR RELIEF

WHEREFORE, Jayco prays for judgment as follows:

1.  For judgment, quieting title to Jayco's interests in the 3229 Property, that the Jayco Deed of Trust is a first priority lien on the 3229 Property as of December 21, 2022;

2.  For a declaratory judgment that the Jayco Deed of Trust is a first priority lien on the 3229 Property as of December 21, 2022;

3.  For attorney's fees and costs where authorized; and

4.  For such other and further relief that the Court deems just and proper.

DATED: July 8, 2025                                    HENNELLY & GROSSFELD LLP

By: _____
Paul T. Martin
Attorneys for Plaintiff Jayco Premium
Finance of California, Inc.

{00448157 }                                  9
                                    COMPLAINT

# EXHIBIT B

SNELL & WILMER L.L.P.
Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Joshua R. Duffy, Bar No. 269478
jduffy@swlaw.com
Nicholas S. Couchot, Bar No. 331971
ncouchot@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Secured Creditor
Jayco Premium Finance of California, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

In re:

LA VERNE RAMBLA LLC,

Debtor.

Case No. 9:24-bk-11215-RC

Chapter 7

**Stipulation To:**

**(1) Continue Hearings on Trustee's Motion to Sell Real Property, Court's Order to Show Cause re: Dismissal, and Motions by Jayco Premium Finance for Relief from Stay, to Compel Abandonment of Property and to Dismiss Bankruptcy Case;**

**(2) Modify Bid Procedures in Connection with Motion to Sell Real Property**

Hearing Information:
Date: August 19, 2025
Time: 9:00 AM / 1:00 PM
Place: U.S. Bankruptcy Court
Courtroom 201
1415 State Street, Suite 233
Santa Barbara, CA 93101

TO: The Honorable Ronald A. Clifford III, United States Bankruptcy Judge, the Office of the United States Trustee, Debtor and All Interested Parties:

- 1 -

STIPULATION RE: CONTINUANCE AND
MODIFIED BID PROCEDURES

4935-5381-6118

Jeremy W. Faith, in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of La Verne Rambla, LLC, debtor in the above-captioned bankruptcy case ("Debtor"), secured creditor Jayco Premium Finance of California, Inc. ("Jayco"), and secured creditor Prosperous Sierra Capital, Inc. ("Prosperous"; Trustee, Jayco and Prosperous are hereinafter collectively referred to as the "Parties"), hereby enter into the following Stipulation:

**RECITALS**

A.      On October 23, 2024, the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, thereby commencing this bankruptcy case (the "Bankruptcy Case").

B.      Trustee is the duly-appointed and acting Chapter 7 Trustee for the Estate.

C.      On June 24, 2025, Trustee filed the Motion for Order Authorizing Sale of Real Property: (A) Outside the Ordinary Course of Business; (B) Free and Clear of Liens; (C) Subject to Overbids; (D) For Determination of Good Faith Purchaser Under 11 U.S.C. § 363(M) ("Sale Motion") (Docket No. 107).  Both Jayco and Prosperous opposed the Sale Motion (Docket Nos. 112 and 118, respectively).

E.      On July 16, 2025, the Bankruptcy Court issued its Order to Show Cause re: Dismissal of the Bankruptcy Case (the "OSC") (Docket No. 127).

F.      On July 29, 2025, Jayco filed its Motion for Relief from Stay (Real Property), seeking relief from stay to exercise its rights and remedies with respect to the Property (the "Relief from Stay Motion") (Docket No. 133).  On that same date, Jayco filed its Motion to Compel Trustee to Abandon the Property or, in the Alternative for Dismissal of the Bankruptcy (the "Abandonment/Dismissal Motion") (Docket No. 134).

G.      On August 5, 2025, the Trustee filed his oppositions to Jayco's Relief from Stay Motion (Docket No. 138), Jayco's Abandonment/Dismissal Motion (Docket No. 139) and his Reply to the OSC (Docket No. 140).

H.      On August 12, 2025, Jayco filed its reply briefs in support of its Relief from Stay Motion (Docket No. 143), Abandonment/Dismissal Motion (Docket No. 145) and its Reply to the OSC (Docket No. 144).

- 2 -

STIPULATION RE: CONTINUANCE AND MODIFIED BID PROCEDURES

4935-5381-6118

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

J.      On August 12, 2025, Prosperous filed its Reply to the OSC (Docket No. 146).

K.      The Parties have reached a resolution of their differences that they believe will preserve their rights and claims and increase the prospects of maximizing the aggregate value of the Estate for the benefit of all parties in interest.

L.      Capitalized terms not specifically defined herein shall have the same meanings ascribed to them in Jayco's Opposition to the Sale Motion (Docket No. 112).

WHEREFORE, the Parties stipulate and agree as follows:

## **STIPULATION**

1.      The hearing on the OSC and the Trustee's Sale Motion shall be continued to September 9, 2025, at 1:00 p.m. (the "Continued Hearing").

2.      Jayco hereby withdraws its pending Relief from Stay Motion and Abandonment/Dismissal Motion without prejudice.

3.      The procedures for the proposed auction and sale of the Property shall be modified as follows:

a.      Interested bidders shall have the right to bid for either the 3229 Property or the 3227 Property individually, or both Properties collectively.

b.      Jayco may appear at the Continued Hearing and shall have the right to credit bid to the full amount of its claim on the 3229 Property.  Jayco shall also have the right to veto any proposed sale of the 3229 Property that does not result in full payment of Jayco's claim.

c.      Prosperous may appear at the Continued Hearing and shall have the right to credit bid to the full amount of its claim on the 3227 Property.  Prosperous shall also have the right to veto any proposed sale of the 3227 Property that does not result in full payment of Prosperous' claim.

d.      Interested bidders who are not credit-bidding may appear at the Continued Hearing and bid in Court without pre-qualification, provided that their bids are accompanied by an initial good faith deposit, in good funds, equal to six percent (6%) of

- 3 -

STIPULATION RE: CONTINUANCE AND
MODIFIED BID PROCEDURES

4935-5381-6118

their qualifying bid (which must be at least $7,450,000).  Each subsequent qualifying overbid must be at least $100,000 greater than the most recent qualifying overbid.

4.     The Parties' acceptance of this Stipulation is expressly conditioned on the Court's approval of this Stipulation in its entirety or, if modified, only if such modifications are accepted by the Party or Parties affected thereby.

5.     The Trustee reserves all rights to assert a surcharge pursuant to 11 U.S.C. Section 506 against either or both of the Properties.  Jayco and Prosperous reserve all rights to object to any assertion by the Trustee of a surcharge.

So Stipulated:

Dated: August ___, 2025                    MARSHACK HAYS WOOD LLP


                                           By: _____
                                                David A. Wood
                                                Sarah R. Hasselberger
                                                Attorneys for Chapter 7 Trustee,
                                                JEREMY W. FAITH

Dated: August 18, 2025                     SNELL & WILMER LLP


                                           By:  /s/Michael B. Reynolds
                                                MICHAEL REYNOLDS
                                                JOSHUA R. DUFFY
                                                Attorneys for Secured Creditor Jayco
                                                Premium Finance of California, Inc.

Dated: August 16, 2025                     FORTRA LAW

                                           By:

                                                _____
                                                MARINA FINEMAN
                                                Attorneys for Secured Creditor,
                                                Prosperous Sierra Capital, Inc.

- 4 -                    STIPULATION RE: CONTINUANCE AND
                         MODIFIED BID PROCEDURES

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4935-5381-6118

their qualifying bid (which must be at least $7,450,000). Each subsequent qualifying overbid must be at least $100,000 greater than the most recent qualifying overbid.

4. The Parties' acceptance of this Stipulation is expressly conditioned on the Court's approval of this Stipulation in its entirety or, if modified, only if such modifications are accepted by the Party or Parties affected thereby.

5. The Trustee reserves all rights to assert a surcharge pursuant to 11 U.S.C. Section 506 against either or both of the Properties. Jayco and Prosperous reserve all rights to object to any assertion by the Trustee of a surcharge.

So Stipulated:

Dated: August ___, 2025                    MARSHACK HAYS WOOD LLP

By: _____
    David A. Wood
    Sarah R. Hasselberger
    Attorneys for Chapter 7 Trustee,
    JEREMY W. FAITH

Dated: August ___, 2025                    SNELL & WILMER LLP

By: _____
    MICHAEL REYNOLDS
    JOSHUA R. DUFFY
    Attorneys for Secured Creditor Jayco
    Premium Finance of California, Inc.

Dated: August ___, 2025                    FORTRA LAW

By: _____
    Marina Fineman
    Attorneys for Secured Creditor,
    Prosperous Sierra Capital, Inc.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 4 -                    STIPULATION RE: CONTINUANCE AND
                         MODIFIED BID PROCEDURES

4935-5381-6118

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**ORDER**

It is so Ordered.

The Stipulation above is Approved and is the Order of the Court, except as set forth below: _____

_____

_____

_____

_____

_____

_____

_____.

The Trustee shall give notice of this Order approving the Stipulation to all parties in interest, including any prior bidders.

The Continued Hearing, including the auction regarding the Properties, shall take place on _____, 2025, at _____.m., in Courtroom 201 of this Court located at 1415 State Street, Santa Barbara, California 93101.

Dated: _____

_____
Ronald A. Clifford III
United States Bankruptcy Judge

- 5 -

STIPULATION RE: CONTINUANCE AND
MODIFIED BID PROCEDURES

4935-5381-6118

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
600 Anton Blvd., Suite 1400, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION TO (1) CONTINUE HEARINGS ON TRUSTEE'S MOTION TO SELL REAL PROPERTY, COURT'S ORDER TO SHOW CAUSE RE: DISMISSAL, AND MOTIONS BY JAYCO PREMIUM FINANCE FOR RELIEF FROM STAY, TO COMPEL ABANDONMENT OF PROPERTY AND TO DISMISS BANKRUPTCY CASE; (2) MODIFY BID PROCEUDRES IN CONNECTION WITH MOTION TO SELL REAL PROPERRY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **08/18/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeremy W. Faith (TR)    Trustee@MarguliesFaithlaw.com; C118@ecfcbis.com; leedowding@gmail.com
Marina Fineman    m.fineman@fortralaw.com; concierge@fortralaw.com
Roseann Frazee    roseann@frazeelawgroup.com
Gavin L Greene    gavin.greene@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
Sarah Rose Hasselberger    shasselberger@marshackhays.com; shasselberger@ecf.courtdrive.com; cbastida@marshackhays.com; alinares@ecf.courtdrive.com
Michael B Reynolds    mreynolds@swlaw.com; kcollins@swlaw.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
David Wood    dwood@marshackhays.com; dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; spineda@ecf.courtdrive.com; alinares@ecf.courtdrive.com
Paul T Martin    pmartin@hgla.com; kwang@hgla.com; mmarkwell@hgla.com; Rpistone@hgla.com; phoughton@hgla.com
Torsten Bassell    TORSTEN@LJBLAW.COM, CONTACT@LJBLAW.COM
Nicholas S Couchot    ncouchot@swlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **08/18/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: La Verne Rambla, LLC, 3229 Rambla Pacifico Street, Malibu, CA 90265
Notice: Grobstein Teeple LLP, 23832 Rockfield Blvd, Suite 245, Lake Forest, CA 92630
Notice: Marshack Hays Wood LLP, 870 Roosevelt, Irvine, CA 92620
US Attorney: Brent A. Whittlesey, Office of US Attorney, Asset Forfeiture Section, 312 North Spring Street 14th Floor, Los Angeles, CA 90012
US Attorney: Jonathan Galatzan, Office of US Attorney, 312 North Spring Street 11th Floor, Los Angeles, CA 90012
US Attorney: Monica E. Tait, Office of US Attorney, Major Frauds Section, 312 North Spring Street 11th Floor, Los Angeles, CA 90012
Notice: Gavin L Greene, Assistant United States Attorney, Federal Building, Suite 7211, 300 North Los Angeles Street, Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/18/2025 | Kevin Roger | /s/Kevin Roger |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4924-2970-8372

**F 9013-3.1.PROOF.SERVICE**

# CONTINUATION PAGE TO PROOF OF SERVICE

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **08/18/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

Julander Brown & Bollard
9110 Irvine Center Drive
Irvine, CA 92618

Karen A. Sunday and Associates, Inc
23 Corporate Plaza Drive
Suite 150
Newport Beach, CA 92660

Marc Montgomery
c/o Douglas F. Galanter
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025

Prosperous Sierra Capital
c/o Sig Cap Group, LLC
24 Camelback A141
Phoenix, AZ 85013

Total Lender Solutions, Inc.
10505 Sorrento Valley Road
Suite 125
San Diego, CA 92121

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4924-2970-8372

**F 9013-3.1.PROOF.SERVICE**