TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2931
    Facsimile: (213) 894-6269
    E-mail:   monica.tait@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>BERNHARD EUGEN FRITSCH,<br><br>       Defendant. | CR No. 17-00520-DSF<br><br>GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION WITH RESPECT TO DEFENDANT BERNHARD EUGEN FRITSCH AND HIS SURETIES DAVID STOCKER FRITSCH AKA DAVID STOCKER, MARC MONTGOMERY, AND TERESA P. MONTGOMERY<br><br>[PROPOSED] JUDGMENT LODGED CONTEMPORANEOUSLY HEREWITH<br><br>HEARING DATE: June 1, 2026<br>TIME:  8:30 A.M.<br>PLACE: Courtroom 7D, before the Honorable Dale S. Fischer, United States District Judge |

TO THE COURT, ALL PARTIES, THIRD PARTY SURETIES DAVID STOCKER FRITSCH

AKA DAVID STOCKER, MARC MONTGOMERY, AND TERESA P. MONTGOMERY, AND

THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 1, 2026, at 8:30 a.m., before the Honorable Dale S. Fischer, United States District Judge, the United States will and hereby does moves this Court for an order for summary adjudication of obligations with respect to defendant BERNHARD EUGEN FRITSCH and sureties David Stocker Fritsch aka David Stocker, Marc Montgomery, and Teresa P. Montgomery.

The United States brings the motion pursuant to Federal Rule of Criminal Procedure 46(f)(1) and (f)(3), as well as Local Criminal Rule 46-6.  Pursuant to the consent provided by defendant FRITSCH and his sureties when they signed the bail documents (see Dkts. 56, 60, 67, and 166 (at 5)),[1] the government respectfully requests that the Court grant the instant motion and "render a judgment summarily in accordance with the obligation undertaken."  Local Crim. R. 46-6.

The government brings this motion on the grounds that on June 2, 2025, the Court found that defendant violated the terms of pretrial release by failing to appear for a hearing scheduled for that day. (Dkt. 536.)  In addition, the defendant fled the United States the same day, and has not appeared in this Court since then.

This Motion is based upon the attached Memorandum of Points and

---

[1] "A bond or undertaking presented for filing shall contain consent of the principal and surety that, in case of default or contumacy on the part of the principal or surety, the Court, upon ten (10) days notice, may render a judgment summarily in accordance with the obligation undertaken." Local Crim. R. 46-6.

2

Authorities, the files and records in this case, and such further

evidence and argument as the Court may permit.

Dated: April 30, 2026                    Respectfully submitted,

                                         TODD BLANCHE
                                         Acting Attorney General

                                         BILAL A. ESSAYLI
                                         First Assistant United States
                                         Attorney

                                         ALEXANDER B. SCHWAB
                                         Assistant United States Attorney
                                         Acting Chief, Criminal Division


                                         _____/s/_____
                                         MONICA E. TAIT
                                         Assistant United States Attorney

                                         Attorney for Plaintiff
                                         UNITED STATES OF AMERICA

3

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I. INTRODUCTION**

This is a bail bond forfeiture motion against defendant BERNHARD EUGEN FRITSCH ("defendant" or "FRITSCH") and his sureties, David Stocker Fritsch aka David Stocker, Marc Montgomery, and Teresa P. Montgomery. Defendant and each of his sureties pledged to pay money to the United States in the event that defendant's bond was forfeited. After the sureties signed their affidavits and the Court's other bond conditions were met, defendant FRITSCH was released from custody.

Defendant FRITSCH was convicted at trial on April 3, 2025 and permitted to remain on release pending further proceedings. But on June 2, 2025, FRITSCH failed to appear for a hearing, and this Court ordered his bond revoked and forfeited that day. (Dkt. 536.) The government later provided evidence showing that FRITSCH not only failed to appear, but indeed fled the United States on June 2, 2025, in violation of his conditions of release. (Dkt. 552-4 at 8-14 (Criminal Complaint describing flight).) As the Court has already found by revoking bond, FRITSCH's actions violated the conditions of his pretrial release. Accordingly, the United States requests the entry of a default judgment against defendant and his sureties, David Stocker Fritsch, Marc Montgomery, and Teresa P. Montgomery, pursuant to Fed. R. Crim. P. 46(f)(1) and (3) and Local Crim. Rule 46-6.

**II. STATEMENT OF FACTS**

On November 30, 2017, the Court ordered that defendant be released from pre-trial custody on bond. As relevant here, defendant's release was conditioned in part upon the filing of an affidavit of surety without justification signed by David Stocker

Fritsch ("Surety DF"), who is also known as David Stocker, in the amount of $100,000, and upon the filing of an affidavit of surety by Marc P. Montgomery ("Surety MM") in the amount of $134,129.07, to be secured with full deeding of a property belonging to Surety MM in St. Paul, Minnesota.  (Dkt. 48, 56 (Surety MM), 60 (surety DF).) Thereafter, the Magistrate Judge accepted Teresa P. Montgomery ("Surety TM") as an additional surety for the same $134,129.07 as Surety MM.  (Dkt. 67[2]; see also Dkt. 163 at 3-4 (declaration from Surety TM acknowledging she is a surety).)[3]  Defendant FRITSCH was also his own surety to the extent of $7,205,000.00, an amount previously secured by a property in Malibu, California at 3229 Rambla Pacifico.  (Dkt. 62, 59.)[4]  After the Court's other conditions were also met, defendant was released.

---

[2]  The undersigned and the public cannot view docket entry 67. The docket text reads "AFFIDAVIT OF SURETIES (Property) in the amount of $134,129.07 by surety: Teresa P. Montgomery . . . for property located at: Saint Paul, MN . . . ."  The inference based on that entry is that this document is the approved version of Ms. Montgomery's affidavit.

[3]  The Court initially required that Lisa Short also serve as a surety to the extent of $680,000, with deeding of her property in Connecticut.  (Dkt. 48 at 1.)  Later in the case, however, the Court agreed to remove Short as surety, and released her property.  (Dkt. 158.)

[4]  As a result of a bankruptcy proceeding, a third party's interest was agreed to be superior to that of the Clerk's Office and that the property would be sold free and clear of that lien. (See Dkt. 549 (Status report and Exhibit A).)  According to the bankruptcy Trustee's Report of Sale, the property was sold on or about October 14, 2025 for $8,925,000, and none of the proceeds were paid to the Clerk.

2

**III.  THE COURT SHOULD ISSUE A BOND FORFEITURE JUDGMENT AGAINST DEFENDANT AND SURETIES DF, MM, AND TM**

**A.    Bond Forfeiture is Mandatory if a Condition of the Bond has Been Breached**

The Court "must declare the bail forfeited if a condition of the bond is breached."  Fed. R. Crim. P. 46(f)(1).  In such a case, forfeiture is mandatory.  United States v. Nguyen, 279 F.3d 1112, 1115 (9th Cir. 2002).  Here, the Court declared the forfeiture on June 2, 2025.  (Dkt. 536.)

A bail bond is a contract between the government, the defendant, and his surety; forfeiture results in the surety becoming the government's debtor.  United States v. Plechner, 577 F.2d 596, 598 (9th Cir. 1978).  The Court may thus hold the defendant personally liable for the bond amount, jointly and severally with the sureties.  See Dkt. 166 at 5 (Fritsch's most recent agreement to bond conditions, acknowledging that if bond is forfeited and such forfeiture is not set aside, "judgment maybe summarily entered in this Court against [Fritsch] and each surety, jointly and severally, for the bond amount, together with interest and costs."); accord, United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995).  Here, the full bond amount for which Fritsch is liable is $7,442,129.07 ($7,205,000.00 + $100,000.00 + $137,129.07).

Upon default by a defendant, "[a]n indemnitee or party in interest seeking a judgment on a bond or undertaking shall proceed by Motion for Summary Adjudication of Obligation and Execution." Local Criminal Rule 46-6.  The government is entitled to summary adjudication with respect to the bond obligation, without a hearing. Local Criminal Rule 46-6 explains that "the Court, upon ten (10) days

3

notice, may render a judgment summarily in accordance with the obligation undertaken and issue a writ of execution upon such judgment." Local Crim. R. 46-6. Here, the government has elected to proceed by noticed motion instead, providing greater notice to the sureties than the law requires.

### B. The Court Should also Hold Sureties SF, MM, and TM Financially Responsible for Defendant's Bond Violation, in the Amount Each of them Previously Agreed to Guarantee

Courts should not excuse or reduce a surety's liability for a defendant's bond violation based on the surety's argument that, for example, she has limited financial means. United States v. Noriega-Sarabia, 116 F.3d 417, 420 (9th Cir. 1997) (stating that "a surety cannot complain because he has failed to actually swear to a sufficient net worth, or because a lesser net worth might mean that the full amount of the bond will never be recovered.") See also United States v. Tirado, 674 F. App'x 743, 743 (9th Cir. Jan. 23, 2017) (quoting Noriega-Sarabia). That is because the purpose of enforcing the terms of a bond is to increase the likelihood "that defendants and sureties will take their bond commitments seriously and that defendants will attend scheduled court appearances and not engage in criminal activity while they are on pretrial release." United States v. Villalobos, 2005 WL 6127290, at *4 (N.D. Cal. Feb. 17, 2005). Declining to hold a surety equally financially responsible as the defendant for a bond violation undermines the purpose of a bail bond. See id. at *4-5. More broadly, "[t]he court, the government, and the public may be doubly disappointed when a defendant flees, if the sureties cannot, or will not, abide by their promises." Noriega-Sarabia, 116 F.3d at 420.

4

### C.    Bail Bond Forfeiture Procedure

Upon default by the defendant, "the Court, upon ten (10) days notice, may render a judgment summarily in accordance with the obligation undertaken and issue a writ of execution upon such judgment." Local Criminal Rule 46-6.

"By entering into a bond, each surety submits to the district court's jurisdiction and irrevocably appoints the district clerk as its agent to receive service of any filings affecting its liability." Fed R. Crim. P. 46(f)(3)(B).  Hence, when the Government moves to enforce a surety's liability, the Government "must serve any motion, and notice as the court prescribes, on the district court.  If so served, the clerk must promptly mail a copy to the surety at its last known address."  Fed. R. Crim. P. 46(f)(3)(C).  The United States therefore requests that the Court order that the Clerk serve Sureties DF, MM, and TM with this Motion and the Proposed Order, and with the judgment (if this motion is granted).

Although it is not obligated to do so by the Local Rules or Rule 46, as a courtesy, the United States intends to separately provide notice of this Motion as follows:

- By email to Surety DF's last known email address, and by mail to (a) an address in Northern California obtained from searches of available databases, and (b) to his former address, the Malibu property, in case a forwarding change of address has been filed with the post office[5];

---

[5] Surety DF is the adult son of defendant FRITSCH.  Surety DF used to reside at the same Malibu address as defendant FRITSCH, as recently as early 2025.  However, that property was recently sold. See n. 4.  Accordingly, it is not likely that DF resides there, but it is possible that the post office may have a forwarding address.

5

- By email to Douglas Galanter and Vincent Louwagie, the known attorneys for Sureties MM and TM.

**IV.  CONCLUSION**

As set forth above, defendant violated conditions of his bail by failure to appear and fleeing the United States while on release, and the Court previously declared the bail forfeited pursuant to Fed. R. Crim. P. 46(f)(1).  Accordingly, this Court should issue a judgment on the bail forfeiture obligation against defendant and Sureties DF, MM, and TM, pursuant to Rule 46(f)(3)(A) and Local Criminal Rule 46-6.

## CERTIFICATE OF SERVICE

I, T. Montes, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the First Assistant United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION WITH RESPECT TO DEFENDANT BERNHARD EUGEN FRITSCH AND HIS SURETIES DAVID STOCKER FRITSCH AKA DAVID STOCKER, MARC MONTGOMERY, AND TERESA P. MONTGOMERY**

**[proposed] JUDGMENT FOR PLAINTIFF UNITED STATES ON BAIL BOND FORFEITURE WITH RESPECT TO DEFENDANT BERNHARD EUGEN FRITSCH AND SURETIES DAVID STOCKER FRITSCH AKA DAVID STOCKER, MARC MONTGOMERY, AND TERESA P. MONTGOMERY**

**//**

☒ Via email, as follows:              ☐ By Federal Express, as follows:
**CrimIntakeCourtDocsLA@cacd.uscourts.gov**
**Brian D. Karth**
**Clerk of the Court**
**U.S. District Court for the**
**Central District of California**
**255 East Temple Street**
**Los Angeles, CA 90012-3332**

**Vincent D. Louwagie**
**VLouwagie@anthonyostlund.com**
**Anthony Ostlund Louwagie Dressen &**
**Boylan P.A.**
**60 South Sixth Street, Suite 3900**
**Minneapolis, Mn 5540**

**Douglas F. Galanter**
**dgalanter@galanterassociates.com**
**GALANTER ASSOCIATES**
**12100 Wilshire Blvd. Suite 800**
**Los Angeles, CA 90025**

**David Stocker Fritsch aka**
**David Stocker**
**davidfritsch52@gmail.com**


☐ Placed in a closed envelope for          ☒ Placed in a sealed envelope for
   collection and inter-office                collection and mailing via
   delivery, addressed as follows:           United States mail, addressed as
                                             follows:

                                            **David Stocker Fritsch aka**
                                            **David Stocker**
                                            **3229 Rambla Pacifico**
                                            **Malibu, California 90265**

                                            **David Stocker Fritsch aka**
                                            **David Stocker**
                                            **1573 De Anza Blvd**
                                            **San Mateo, CA 94403**

This Certificate is executed on **April 30, 2026,** at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.


                                            /s/
                                            ——————————————————
                                            T. Montes
                                            Legal Assistant