ORIGINAL

FILED

2026 MAY 12 PM 3: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Vincent D. Louwagie (MN #194335)
Samuel N. Louwagie (MN #0400885)
*Applications for Pro Hac Vice Forthcoming*
ANTHONY OSTLUND LOUWAGIE DRESSEN
& BOYLAN P.A.
90 South Seventh Street, Suite 3600
Minneapolis, Minnesota 55402
Telephone: (612) 349-6969
Fax: (612) 349-6996
Emails: vlouwagie@anthonyostlund.com
          slouwagie@anthonyostlund.com

Douglas F. Galanter (SBN 93740)
GALANTER ASSOCIATES
800 West 1st Street, Suite 2905
Los Angeles, California 90012
Telephone: (310) 880-9454
Fax: (213) 402-6584
Email: dgalanter@galanterassociates.com

Attorneys for Sureties Marc Montgomery and
Teresa P. Montgomery

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BERNHARD EUGEN FRITSCH,<br><br>Defendant. | CR No. 17-00520-DSF<br><br>**DECLARATION OF MARC MONTGOMERY IN OPPOSITION TO GOVERNMENT'S MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION**<br><br>Date:         June 1, 2026<br>Time:         8:30 a.m.<br>Courtroom:  7D-Hon. Dale S. Fischer |

1

DECLARATION OF MONTGOMERY IN OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION

I, Marc Montgomery, hereby declare as follows:

1.      I am over the age of 18, and I am a resident of the State of Minnesota, where I own a dental practice. I am a surety on behalf of Defendant Bernhard Eugen Fritsch ("Fritsch") in the above-captioned matter. My wife, Teresa P. Montgomery, is also a surety in the same matter. I have personal knowledge of the facts set forth in this declaration and if called as a witness in any judicial proceeding I would and could competently testify to these facts under oath and penalty of perjury under the laws of the State of California and the United States of America.

2.      Fritsch is my first cousin. We have been close since childhood, when I spent many summers living with my grandparents in Amberg, Germany, the same small town where Fritsch lived with his family. We are close to the same age, so spent lots of time playing together. When we were 18, in 1978, Fritsch and I went hiking in the Alps. At age 24, we spent two weeks traveling together in Northern Africa. The following year, Fritsch stayed for the summer with me in Minneapolis. Two years later, Fritsch was a groomsman in my and Teresa's wedding.

3.      We had less contact as the years went by, but still met up periodically. In January 2011, Fritsch flew me to New York to stay with him for a weekend. That weekend, he told me he had sold a music downloading technology he had created to Steve Jobs, which then became Apple's iTunes. He also showed me a photo album of pictures of him with many famous musicians, President Bill Clinton, and Pope John Paul II. This was one of the many occasions in which he convinced me that he was a very successful and legitimate entrepreneur.

4.      On August 8, 2017, at 10 p.m., I received a phone call from Michelle Maher, who I knew to be Fritsch's girlfriend. She was crying hysterically and told me that Fritsch had been arrested by the FBI, and had asked her to call me to bail him out of jail. This was the first I learned of Fritsch's arrest, and I did not know if it was a prank call. But the next day, I received a call from Mark J. Werksman, Fritsch's attorney, who asked me to be part of a bail package.

2

DECLARATION OF MONTGOMERY IN OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION

5.     On October 6, 2017, I spoke with Rueven Cohen, the new attorney representing Fritsch. He asked me to put up my house to secure a bond for Fritsch. He explained that the Court required real estate in the United States for the security, rather than from Germany, where many of Fritsch's other family lived. At first, I was unwilling to use my home to secure a bond.

6.     Over the course of the next month, I received pleading calls from Fritsch's son, David Stocker; his ex-wife, Lisa Short; and his brother, Clemens Fritsch. I also spoke to Fritsch from prison. Fritsch assured me he was innocent, that he would be exonerated, and that he would never consider returning to Germany because his family was in the United States. In addition, his attorney Cohen promised me that the hold on my house would be cleared the following year, 2018. All these conversations, plus my lifelong friendship and trust in Fritsch, convinced me to help him by putting my house up as security for a bond.

7.     After being released from custody, Fritsch repeatedly asked me for more help, especially financial assistance to pay his mortgage, car payments, utilities, and legal fees to defend himself in Court. Beginning on or around December 2018, I began paying some of Fritsch's bills. I continued to help paying his bills until principal and interest reached $302,000. All the while he agreed to pay me back principal and interest that he had accrued.

8.     On October 14, 2021, I deposited $220,000 with the Law Offices of Ginger R. Kelley to fund Fritsch's legal defense. A promissory note memorializing this loan, and the $302,000 previously owed, is attached hereto as **Exhibit A.** In total, between loans and paying of his bills, I gave more than $522,000 to Fritsch.

9.     Despite repeated demands by me, and his promises to do so, Fritsch has never paid me back a penny of what I loaned him. Accordingly, I was forced to file a lawsuit against Fritsch in the Superior Court of California, County of Los Angeles on August 6, 2024. The complaint is attached hereto as **Exhibit B;** the Superior Court case number is 24STCV19745.

DECLARATION OF MONTGOMERY IN OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION

10.    In allowing my property to be used for Fritsch's bond, I materially relied upon Fritsch's numerous false statements and assurances of innocence. Even more importantly, I believed and expected that my property would not be at serious risk because the bail conditions imposed upon Fritsch would practically ensure he would not flee the United States. Certainly after Fritsch was convicted, I expected that he would be either taken into custody pending sentencing, or that he would be under heightened security and surveillance to prevent him from fleeing. Instead, I am now threatened, unfairly, with becoming yet another victim of his fraud.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on May 11, 2026 at Saint Paul, Minnesota.

Marc Montgomery

DECLARATION OF MONTGOMERY IN OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION

# Exhibit A

EXHIBIT A

EXHIBIT A

## PROMISSORY NOTE

Oct 09, 2021                                    Principal Amount: $460,000

**FOR VALUE RECEIVED**, the undersigned Pacific Eagle Corporation, having an address at 3 Hutton Centre, Suite 900, Santa Ana, CA 92707 ("Maker") hereby promises to pay to the order of Dr. Marc Montgomery or its designated assignee ("Holder") the principal sum of two hundred twenty thousand dollars ($460,000) ("Funds") pursuant to the terms and conditions set forth herein.

1. **Date Of Note.** This Note is effective the day the Funds of $ 220,000 have been deposited with the Law Offices of Ginger R. Kelley's Attorney Client Trust Account, Refernence: John Littrell - Fritsch case - no later than Oct 13, 2021

2. **Payment Of Principal.** The principal amount of this Promissory Note (the "Note"), plus accrued interest, shall be due and payable by Maker in full no later than Nov 2, 2021 ("Maturity Date"). Maker shall pay Holder in one lump sum in the amount of $522,000.

3. **Interest.** This Note shall bear an accrued interest in the amount of $62,000.

4. **Deferred Payments.** No payments of principal or interest shall be required or due until the Maturity Date. Any and all payments on the Note shall be first applied to interest and then to principal until the entire principal balance and any accrued and unpaid interest under the Note has been repaid.

5. **Prepayment.** Maker shall have the right at any time and from time to time to prepay this Note in whole or in part without premium or penalty.

6. **Remedies.** No delay or omission on the part of the Holder of this Note in exercising any right hereunder shall operate as a waiver of any such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The rights and remedies of the Holder shall be cumulative and may be pursued individually, successively, or together, in the sole and absolute discretion of the Holder.

7. **Default.** Failure of Maker to make any payments hereunder shall not constitute a waiver of any of the principal or interest. In the event of a default hereunder and at the option of the Holder, Holder may declare all sums owing hereunder immediately due and payable.

1

0005

8.       **Waivers By Maker.** All parties to this Note including Maker and any sureties, endorsers, and guarantors hereby waive protest, presentment, notice of dishonor, and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

9.       **Collection, Attorneys' Fees and Expenses.** If the Holder of this Note refers it to an attorney for collection or if Holder seeks legal advice for default under this Note, or proceedings under the Federal Bankruptcy Act, or in connection with any state or federal tax lien, or for the appointment of a receiver, or for the enforcement of any holder's rights as a secured party, and an attorney is employed by the Holder hereof to appear in any such action or proceeding to protect, reserve or enforce the Holder's interest in the Note, or any other security for this Note, the undersigned, and every endorser and guarantor hereof and every person who assumes the obligations evidenced by this Note, jointly and severally, promises to pay, in addition to the costs and disbursements otherwise allowable by law, reasonable attorneys' fees for services performed by the holder's attorneys and all costs and expenses incurred incident to such employment, only if Holder is the prevailing party in any action. In the event any payment under this Note is not paid when due, the Maker agrees to pay, in addition to the principal hereunder, reasonable attorneys' fees plus all other reasonable expenses incurred by Holder in exercising any of its rights and remedies upon default.

10.     **Payments.** Principal and interest payable hereunder shall be paid in lawful money of the United States. Holder shall hereunder have the right and use to apply proceeds or payments received to the payment of any other obligation of any kind which Maker may have to such Holder, and a default under any other such obligation shall constitute a default hereunder.

11.     **Nontransferable.** The Note shall be nontransferable in whole or in part by the Maker and Holder, unless prior written consent is given, not unreasonably withheld.

12.     **Governing Law.** In interpreting this Agreement, the Maker and Holder hereof agree that the laws of the State of California shall be applied and that the courts of general jurisdiction of Los Angeles, California, or the appropriate United States District Court, shall have the sole and exclusive jurisdiction over any disputes arising hereunder.

2

13. **Successors.** All of the foregoing is the promise of Maker and shall bind Maker and Maker's successors, heirs and assigns; provided, however, that Maker may not assign any of its rights or delegate any of its obligations hereunder without the prior written consent of the holder of this Note. This Note shall pass to Holder's beneficiaries and/or assigns in the event of death by Holder.

14. **Notice.** Any notice, request, demand or instruction or other document to be given hereunder to the parties designated below shall be in writing and sent by email and registered or certified mail as follows:

3

0007



Maker:              Attn:  Attorney Scott Winchell
                    Pacific Eagle Corporation
                    3 Hutton Centre, Suite 900, Santa Ana, CA 92707


Holder        :        ................................................
                       ................................................
                       ................................................
                       ................................................

Notice shall be deemed to have been given seventy-two (72) hours after the deposit of same in the United States mail post office box in the State in which notice is addressed, or five (5) days after deposit in any such post office box other than in the State to which the notice is addressed, postage prepaid, addressed as set forth above.  The addresses and addressees for the purpose of this paragraph may be changed by giving written notice, as provided herein.  If no written notice of change has been sent or received, the addressees herein shall be deemed to continue in effect for all purposes hereunder.  Each maker, surety and endorser waives demand for payment, notice of dishonor, presentment for acceleration for maturity, presentment for payment, protest and notice of protest, notice of assignment, transfer or negotiation of this Note, and all other notices to which any of the undersigned might otherwise be entitled in connection with this Note. No notice shall be required if Maker has been more than ten days late in any monthly payment during three months in any twelve month period.

15.     **Change Of Address.**  Maker must immediately inform Holder of any change in address. Any change of address of the Maker must be made in writing signed by the Maker to the Holder at the place for Notice to the Holder.

16.     **Location Of Original Note.**  A copy of the Note is available for inspection at the registered office of the Holder.

17.     **Personal Guarantee of Bernhard Fritsch.** The undersigned Bernhard Fritsch, hereby personally guarantees unconditionally full and prompt payment to the Lender of all past, present, and future obligations of the Borrower under this Agreement.

**IN WITNESS WHEREOF**, Maker has executed this Promissory Note as of the day and year first above written.

DATED: 10/13/2021

_____
CEO D. Sehra for Pacific Eagle Corporation  (Maker)

DATED: 10 – 13 2021

_____
Bernhard Fritsch, individually as personal guarantor
3229 Rambla Pacifico Street, Malibu CA 90265

DATED: 10 - 13 - 2021

_____
(Holder)

5

# Exhibit B

Case 2:17-cr-00520-DSF    Document 639    Filed 05/12/26    Page 13 of 27    Page ID
#:9627



Vincent D. Louwagie (MN #194335)
Leslie A. Bellwood (MN #0403490)
*Applications for Pro Hac Vice Forthcoming*
ANTHONY OSTLUND LOUWAGIE DRESSEN &
BOYLAN P.A.
90 South Seventh Street, Suite 3600
Minneapolis, Minnesota 55402
Telephone: (612) 349-6969
Fax: (612) 349-6996
Emails: vlouwagie@anthonyostlund.com
       lbellwood@anthonyostlund.com

Douglas F. Galanter (SBN 93740)
GALANTER ASSOCIATES
800 West 1st Street, Suite 2905
Los Angeles, California 90012
Telephone: (310) 880-9454
Fax:  (213) 402-6584
Email: dgalanter@galanterassociates.com

Attorneys for Plaintiff
MARC MONTGOMERY

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/06/2024 1:19 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES-CENTRAL DISTRICT

| | |
|---|---|
| MARC MONTGOMERY, an individual,<br><br>           Plaintiff,<br><br>           vs.<br><br>BERNHARD FRITSCH, an individual; PACIFIC EAGLE CORPORATION, a Wyoming corporation; DOES 1-25, inclusive,<br><br>           Defendant. | Case No.: 24STCV19745<br>UNLIMITED JURISDICTION<br><br>**COMPLAINT FOR DAMAGES:**<br>1.  **OPEN BOOK ACCOUNT**<br>2.  **BREACH OF CONTRACT** |

     Plaintiff Marc Montgomery ("Plaintiff" or "Montgomery"), for causes of action against Defendants, and each of them, alleges as follows:

0010    1

[VERIFIED] COMPLAINT FOR [NATURE OF ACTION][; DEMAND FOR JURY TRIAL]

## NATURE OF THIS ACTION

1.    As alleged and described below, Montgomery loaned significant funds to Defendant Bernhard Fritsch ("Fritsch") and/or entities related to Fritsch including, without limitation, Defendant Pacific Eagle Corporation ("Pacific Eagle") which Defendants, despite continued promises, have failed to repay.  Montgomery brings this action to collect that debt.

## THE PARTIES

2.    Plaintiff Montgomery is, and at all times herein relevant was, an individual residing in the city of St. Paul, Minnesota.

3.    Defendant Bernhard Fritsch ("Fritsch") is, and at all times herein relevant was, an individual residing in the city of Malibu, county of Los Angeles, California.

4.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Pacific Eagle is, and at all times herein relevant was, a corporation formed under the laws of the State of Wyoming, with its principal office located in Orange County, California.

5.    The true names and capacities of Defendants Does 1 through 25 are presently unknown to Plaintiff, who therefore sues said Defendants by their fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of Does 1 through 25 when the same are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that those fictitiously named Defendants are responsible as agents, principals, alter egos, or otherwise for the acts, debts, and related duties and obligations alleged herein.

6.    Plaintiff is informed and believe, and based thereon alleges, that at all times herein relevant, all Defendants including, without limitation, the fictitiously named Defendants, were the agents, servants, alter egos, affiliates, employers, principals and/or employees of each other and engaged in the conduct alleged herein within the course, scope and authority of their respective capacities.

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over Defendants pursuant to Section 410.10 of the California Code of Civil Procedure.

0011    2

COMPLAINT

8.      Jurisdiction is proper in the Superior Court of the State of California because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist. Additionally, part of the debt at issue is memorialized in a promissory note and personal guaranty, a copy of which is attached hereto and incorporated herein as Exhibit A and which provides, at para. 12 thereof, that the laws of the State of California shall be applied and that "the courts of general jurisdiction of Los Angeles, California . . . shall have the sole and exclusive jurisdiction over any disputes" arising thereunder.

9.      This Court has personal jurisdiction over the Defendants, and each of them. Specifically, Fritsch is a resident of Los Angeles County, California; Pacific Eagle and Fritsch borrowed certain funds, as described herein, from Montgomery in Los Angeles County, California; and, Fritsch personally guaranteed the promissory note at issue that grants jurisdiction to this Court.

10.     Venue is proper in the Los Angeles Superior Court because Fritsch is a resident of Los Angeles County, California, and the promissory note at issue (Exhibit A hereto) provides that this Court is the proper venue for disputes arising thereunder.

## THE FACTS

11.     Plaintiff Montgomery is a dentist with a successful dental practice in Woodbury, Minnesota.

12.     Montgomery and Fritsch are cousins.

13.     Fritsch is a businessman in Malibu, California, indirectly owning a multi-million-dollar home through a limited liability company, La Verne Rambla, LLC, at 3229 Rambla Pacifico, Malibu, CA 90265-5143.

14.     Following his 2017 indictment in United States District Court Central District of California, Fritsch approached Montgomery about borrowing money.

15.     Montgomery agreed to lend money to Fritsch or entities designated by Fritsch.

**Fritsch Personal Line of Credit**

16.     On or about November 18, 2019, Montgomery began a line of credit for Fritsch to pay his mortgage, car payments, utilities, and other related expenses.

0012    3

COMPLAINT

17.   Montgomery and Fritsch agreed that Fritsch would repay principal owed from the line of credit and accrued interest at varying rates which were agreed-to at various times.

18.   Fritsch's first draw on this line of credit was $21,000 on or about November 18, 2019.

19.   Fritsch then drew on the line of credit over the course of the next four years. The balance as of April 30, 2024 was $71,347.60, and interest has accrued at the rate of 10 percent per annum thereafter.

20.   Montgomery has repeatedly made demands for repayment of the balance due.

21.   Despite demands, Fritsch has not repaid the amount due, which now exceeds $71,347.60.

**Pacific Eagle Loan and Fritsch Guaranty**

22.   In 2017 Fritsch was charged with wire fraud and a criminal proceeding began in the United States District Court Central District of California (Western Division – Los Angeles) (Case #: 2:17-cr-00520-DSF).

23.   A second loan was made and ultimately memorialized to a promissory note dated October 9, 2021 with Pacific Eagle Corporation as maker. The loan was intended, at least in part, to pay Fritsch's legal counsel to defend Fritsch in the above-referenced criminal proceeding.

24.   The promissory note, attached as Exhibit A, had a Principal Amount of $460,000 and accrued interest of $62,000.

25.   Fritsch personally and unconditionally guaranteed this Promissory Note. Specifically, the guaranty provides: "The undersigned Bernhard Fritsch, hereby personally guarantees unconditionally full and prompt payment to the Lender [Montgomery] of all past, present, and future obligations of the Borrower [Pacific Eagle Corporation] under this Agreement."

26.   On or about October 14, 2021, Montgomery deposited $220,000 with the Law Offices of Ginger R. Kelley's Attorney Client Trust Account, Reference: John Littrell – Fritsch case.

0013   4

COMPLAINT

27.    The Promissory Note's Maturity Date was November 2, 2021.

28.    On November 2, 2021, Pacific Eagle Corporation was to pay Montgomery in one lump sum the amount of $522,000.

29.    Pacific Eagle Corporation did not repay the principal balance or the accrued interest by November 2, 2021.

30.    Montgomery repeatedly made demands for repayment of the balance due from the Promissory Note to Fritsch and Pacific Eagle Corporation.

31.    To date, neither Fritsch nor Pacific Eagle Corporation have repaid the amounts due under the note.

32.    The Promissory Note provides for the payment of Montgomery's costs, expenses, and reasonable attorneys' fees in collecting the amounts due under the Promissory Note upon Defendants' default thereunder.

## FIRST CAUSE OF ACTION

### (Open Book Account Against All Defendants)

33.    Plaintiff repeats and realleges the allegations of paragraphs 1-32, inclusive, of this complaint as though set forth here at length.

34.    Open accounts exist between Montgomery and Defendants, and each of them, pursuant to which Defendants promised, either expressly or implicitly, to repay Montgomery money loaned plus associated, accrued interest and other costs and expenses.

35.    Montgomery is entitled to a judgment against Defendants, and each of them, for the amount alleged in this Complaint, in excess of $593,000.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

36.    Plaintiff repeats and realleges the allegations of paragraphs 1-32, inclusive, of this complaint as though set forth here at length.

37.    Montgomery and Pacific Eagle Corporation entered into a valid and binding Promissory Note and personal guaranty, pursuant to which Pacific Eagle Corporation promised to pay, and Fritsch guaranteed payment, in the amount of $522,000 on November 2, 2021.

38.     The Promissory Note is supported by consideration, including, but not limited to, funds loaned by Montgomery to Pacific Eagle Corporation as maker of the Promissory Note.

39.     Montgomery performed any and all conditions precedent to repayment of the sums loaned by him to Pacific Eagle Corporation, to the extent they were required by the Promissory Note.

40.     Under the terms of the Promissory Note, Montgomery is and has been entitled to a repayment of the principal and prejudgment interest reflected therein since November 2, 2021.

41.     The Promissory Note matured—and therefore became due and payable—on or about November 1, 2021.  Default occurred where Pacific Eagle Corporation failed to repay the principal and accrued interest on November 1, 2021

42.     Fritsch personally and unconditionally guaranteed payment of all amounts due under the Promissory Note.

43.     Montgomery has demanded on numerous occasions that Pacific Eagle Corporation and/or Fritsch pay him the monies due under the Promissory Note.

44.     Neither Fritsch nor Pacific Eagle Corporation have repaid the monies due under the Promissory Note, and have thereby defaulted pursuant to its terms.

45.     Montgomery has notified Defendants of his intent to bring legal action seeking repayment of the Promissory Note.

46.     Fritsch's breaches of the Promissory Note have caused Montgomery harm, entitling Montgomery to an award of damages in excess of $593,000 and prejudgment and post judgement interest and costs of suit, including reasonable attorney's fees pursuant to the express terms of the Promissory Note.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount in excess of $593,000;

2. For special damages in amounts according to proof;

0015     6

COMPLAINT

3.  For costs of suit herein incurred, including reasonable attorneys' fees, costs and other expenses incurred herein pursuant to the terms of the Promissory Note;

4.  For an award of pre-judgment and post-judgment interest in the maximum amount allowed by law; and

5.  For such other and further relief that the Court deems just and proper.

Dated: August 2, 2024

ANTHONY OSTLUND LOUWAGIE
DRESSEN & BOYLAN P.A.

GALANTER ASSOCIATES

By: _____
        Douglas F. Galanter
Attorneys for Plaintiff Marc Montgomery

COMPLAINT

# Exhibit A

## PROMISSORY NOTE

Oct 09, 2021                                          Principal Amount: $460,000

**FOR VALUE RECEIVED**, the undersigned Pacific Eagle Corporation, having an address at 3 Hutton Centre, Suite 900, Santa Ana, CA 92707 ("Maker") hereby promises to pay to the order of Dr. Marc Montgomery or its designated assignee ("Holder") the principal sum of two hundred twenty thousand dollars ($460,000) ("Funds") pursuant to the terms and conditions set forth herein.

1. **Date Of Note.** This Note is effective the day the Funds of $ 220,000 have been deposited with the Law Offices of Ginger R. Kelley's Attorney Client Trust Account, Refernence: John Littrell - Fritsch case - no later than Oct 13, 2021

2. **Payment Of Principal.** The principal amount of this Promissory Note (the "Note"), plus accrued interest, shall be due and payable by Maker in full no later than Nov 2, 2021 ("Maturity Date"). Maker shall pay Holder in one lump sum in the amount of $522,000.

3. **Interest.** This Note shall bear an accrued interest in the amount of $62,000.

4. **Deferred Payments.** No payments of principal or interest shall be required or due until the Maturity Date. Any and all payments on the Note shall be first applied to interest and then to principal until the entire principal balance and any accrued and unpaid interest under the Note has been repaid.

5. **Prepayment.** Maker shall have the right at any time and from time to time to prepay this Note in whole or in part without premium or penalty.

6. **Remedies.** No delay or omission on the part of the Holder of this Note in exercising any right hereunder shall operate as a waiver of any such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The rights and remedies of the Holder shall be cumulative and may be pursued individually, successively, or together, in the sole and absolute discretion of the Holder.

7. **Default.** Failure of Maker to make any payments hereunder shall not constitute a waiver of any of the principal or interest. In the event of a default hereunder and at the option of the Holder, Holder may declare all sums owing hereunder immediately due and payable.

1

0018

8. **Waivers By Maker.** All parties to this Note including Maker and any sureties, endorsers, and guarantors hereby waive protest, presentment, notice of dishonor, and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

9. **Collection, Attorneys' Fees and Expenses.** If the Holder of this Note refers it to an attorney for collection or if Holder seeks legal advice for default under this Note, or proceedings under the Federal Bankruptcy Act, or in connection with any state or federal tax lien, or for the appointment of a receiver, or for the enforcement of any holder's rights as a secured party, and an attorney is employed by the Holder hereof to appear in any such action or proceeding to protect, reserve or enforce the Holder's interest in the Note, or any other security for this Note, the undersigned, and every endorser and guarantor hereof and every person who assumes the obligations evidenced by this Note, jointly and severally, promises to pay, in addition to the costs and disbursements otherwise allowable by law, reasonable attorneys' fees for services performed by the holder's attorneys and all costs and expenses incurred incident to such employment, only if Holder is the prevailing party in any action. In the event any payment under this Note is not paid when due, the Maker agrees to pay, in addition to the principal hereunder, reasonable attorneys' fees plus all other reasonable expenses incurred by Holder in exercising any of its rights and remedies upon default.

10. **Payments.** Principal and interest payable hereunder shall be paid in lawful money of the United States. Holder shall hereunder have the right and use to apply proceeds or payments received to the payment of any other obligation of any kind which Maker may have to such Holder, and a default under any other such obligation shall constitute a default hereunder.

11. **Nontransferable.** The Note shall be nontransferable in whole or in part by the Maker and Holder, unless prior written consent is given, not unreasonably withheld.

12. **Governing Law.** In interpreting this Agreement, the Maker and Holder hereof agree that the laws of the State of California shall be applied and that the courts of general jurisdiction of Los Angeles, California, or the appropriate United States District Court, shall have the sole and exclusive jurisdiction over any disputes arising hereunder.

0019

13.　　**Successors.**  All of the foregoing is the promise of Maker and shall bind Maker and Maker's successors, heirs and assigns; provided, however, that Maker may not assign any of its rights or delegate any of its obligations hereunder without the prior written consent of the holder of this Note.  This Note shall pass to Holder's beneficiaries and/or assigns in the event of death by Holder.

14.　　**Notice.**  Any notice, request, demand or instruction or other document to be given hereunder to the parties designated below shall be in writing and sent by email and registered or certified mail as follows:

3

0020



Maker:                    Attn:  Attorney Scott Winchell
                          Pacific Eagle Corporation
                          3 Hutton Centre, Suite 900, Santa Ana, CA 92707


Holder        :           ................................................
                          ................................................
                          ................................................
                          ................................................

Notice shall be deemed to have been given seventy-two (72) hours after the deposit of same in the United States mail post office box in the State in which notice is addressed, or five (5) days after deposit in any such post office box other than in the State to which the notice is addressed, postage prepaid, addressed as set forth above.  The addresses and addressees for the purpose of this paragraph may be changed by giving written notice, as provided herein.  If no written notice of change has been sent or received, the addressees herein shall be deemed to continue in effect for all purposes hereunder.  Each maker, surety and endorser waives demand for payment, notice of dishonor, presentment for acceleration for maturity, presentment for payment, protest and notice of protest, notice of assignment, transfer or negotiation of this Note, and all other notices to which any of the undersigned might otherwise be entitled in connection with this Note. No notice shall be required if Maker has been more than ten days late in any monthly payment during three months in any twelve month period.

15.    **Change Of Address.**  Maker must immediately inform Holder of any change in address. Any change of address of the Maker must be made in writing signed by the Maker to the Holder at the place for Notice to the Holder.

16.    **Location Of Original Note.**  A copy of the Note is available for inspection at the registered office of the Holder.

17.    **Personal Guarantee of Bernhard Fritsch.** The undersigned Bernhard Fritsch, hereby personally guarantees unconditionally full and prompt payment to the Lender of all past, present, and future obligations of the Borrower under this Agreement.

4

0021

IN WITNESS WHEREOF, Maker has executed this Promissory Note as of the day and year first above written.

DATED: 10/13/2021

CEO D. Sehra for Pacific Eagle Corporation  (Maker)

DATED: 10 - 13,2021

Bernhard Fritsch, individually as personal guarantor
3229 Rambla Pacifico Street, Malibu CA 90265

DATED: 10 -13- 2021

(Holder)

5

0022

## PROOF OF SERVICE

I am a resident of the State of Minnesota, am over the age of eighteen (18) years and am not a party to the within action. My business address is 60 South Sixth Street, Suite 3900, Minneapolis, MN 55402 . On May 11, 2026, I served the following document described as:

**DECLARATION OF MARC MONTGOMERY IN OPPOSITION TO GOVERNMENT'S MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION**

on the interested parties, addressed as follows and in the manner indicated below:

**Monica E. Tait, Assistant U.S. Attorney**
**1100 United States Courthouse**
**312 North Spring St.**
**Los Angeles, CA 90012**
**Monica.tait@usdoj.gov**

____**U.S. MAIL:** I enclosed the document(s) in sealed envelopes or packages with postage fully prepaid for delivery by First Class Mail, and addressed to the person(s) listed in the "Service List" below, and placed the envelopes for collection and mailing pursuant to our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondences for mailing. On the same day that correspondences are placed for collection and mailing, they are deposited with the U.S. Postal Service.

_X_ **ELECTRONIC SERVICE (Email):** Based on a court order, rule of court, or an agreement of the parties to accept electronic service, I transmitted electronically, or caused to be transmitted electronically, the document(s) set forth above to the addressee Monica Tait, Esq. at the e-mail address set forth above, from the email address slouwagie@anthonyostlund.com.

____

____**PERSONAL SERVICE:** I placed true and correct copies of the above-described documents enclosed in a sealed envelope addressed as described herein and caused them to be personally delivered by a professional messenger service, BFRM Legal Support Service, to the interested parties at the addresses described herein.

____

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 11, 2026 at Minneapolis, Minnesota.

Samuel N. Louwagie

PROOF OF SERVICE